# REVIS E. BRYANT, a Minor, by HOMER F. BRYANT, His Next Friend, v. KANSAS CITY RAILWAYS COMPANY, Appellant.

### In Banc, February 19, 1921.

1. **NEGLIGENCE: Child of Tender Age: Demurrer to Evidence: Pleading.** In an action for personal injuries, an allegation in the petition that plaintiff was three and one-half years old is a sufficient allegation that he was oblivious of his danger in crossing a street ahead of a street car, as against an objection on demurrer to the evidence, that the petition did not state a cause of action.

2. ————: **Obstructed View: Conflict of Evidence: Question for Jury.** Where the evidence conflicts as to whether the view of the motorman of a street car which ran over a child, was obstructed by another passing car so as to prevent his seeing the child in peril in time to avoid running over him by the use of ordinary care, the question is for the jury, and a demurrer to the evidence is properly overruled.

3. **INSTRUCTIONS: Verbose: Misleading.** An instruction may be verbose and at the same time not be misleading.

4. ————: **Broadening Issues: Oblivious To Peril: Child.** An instruction containing a clause that if the jury find that plaintiff was "oblivious of his peril" does not broaden the issues made by the pleadings, where the petition avers that plaintiff was three and one-half years old, as this allegation was in fact an allegation that he was oblivious of his peril.

5. ————: **Imminent Peril: Defining.** The terms "imminent peril" are ordinary English words, and when used in an instruction need not be defined.

6. ————: **To Disregard Testimony: Physical Facts: Common Observation and Experience.** An instruction which tells the jury that they may disregard the testimony of any witness in so far as they may find it to conflict with the physical facts shown by the evidence and with common observation and experience is proper.

7. ————: **Measure of Damages: Loss of Leg: Other Injuries.** Where plaintiff sued for the loss of a leg and the petition also averred and the evidence showed other injuries and damages, an instruction authorizing the jury, if they found for him, to allow him such a reasonable amount as they might find and believe from the evidence would fairly and justly compensate him for the injury

Bryant v. Kansas City Rys. Co.

caused by the carelessness or negligence of defendant, if so, "and for the loss of his left leg," is not erroneous, although a little unfortunate in its language

8. **EVIDENCE: Admission: Technical Objections.** Mere technical objections to evidence will be disregarded where counsel have stated that the record shows that it is fairly free from prejudicial, incompetent testimony.

9. **TRIAL: Plaintiff's Right to Be Present: Child.** Even though a plaintiff is of such tender age as to be incompetent to testify as a witness, still he has an absolute right to be present in the court room and before the jury during the trial of his action for damages for the loss of a leg and other injuries.

10. ———: ———: ———: **Dicharging Jury.** The plaintiff in an action for damages for loss of a leg and other injuries having an absolute right to be present in court and before the jury during the trial, it is not error for the court to refuse to discharge the jury on motion of defendant based on such presence.

11. **VERDICT: Excessive Damages: $15,000: Remittitur.** Plaintiff, a child three and one-half years old when he had his left leg cut off as the result of being run over by a street-car, recovered a verdict for $30,000 damages, the full amount sued for. The trial court required him to remit $15,000, and thereupon overruled defendant's motion for a new trial. *Held*, that plaintiff should be required to remit the further sum of $1,500, as of the date of the original judgment, as a condition of an affirmance of such judgment as of ·its date for $13,500.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas, Judge.*

AFFIRMED (*conditionally*).

*Richard J. Higgins* and *Charles N. Sadler* for appellant.

(1)   The court erred in overrulng the demurrer interposed at the close of plaintiff's evidence, and renewed at the close of all the evidence.   (a) The petition failed to state facts sufficient to constitute any cause of action. By omitting to charge obliviousness, no cause of action. was stated.   Knapp v. Dunham, 195 S. W. 1062;   Kamoos v. Ry. Co., 202 S. W. 434;   Haines v. Ry. Co., 203 S. W.

630; Rubick v. Sandler, 219 Mo. App. 401. (b) Even if
the petition stated a cause of action, the entire evidence
failed to show any negligence upon the part of defendant.
Markowitz v. Railroad, 186 Mo. 351; Grout v. Ry. Co.,
125 Mo. App. 552; Roenfelt v. Ry. Co., 180 Mo. 566;
Boyd v. Ry. Co., 105 Mo. 382; Haffey v. Ry. Co., 135 S.
W. 937; Mockowik v. Ry. Co., 196 Mo. 550; Barnard v.
Ry. Co., 137 Mo. App. 684; Van Bach v. Ry. Co, 171 Mo.
347; Gessner v. Ry. Co., 137 Mo. App. 47; Banks v. Ry.
Co., 217 S. W. 488; Oglesby v. Ry. Co., 177 Mo. 272. (c)
Evidence contrary to the general knowledge, opposed to
physical facts or contradictory of itself is not entitled
to any probative force. Guffey v. Harvey, 179 S. W.
731; Schaub v. Ry. Co., 133 Mo. App. 448; Sexton v.
Ry. Co., 245 Mo. 272-3; Stafford v. Adams, 113 Mo. App.
721; Oglesby v. Ry. Co., 177 Mo. 272; Weltmer v. Bish-
op, 171 Mo. 116; Scroggins v. Ry. Co., 138 Mo. App. 215;
Daniels v. Ry. Co., 177 Mo. App. 280; Strack v. Tel. Co.,
216 Mo. 601.; DeMoet v. Storage Co., 121 Mo. App. 92.
(2) The court erred in giving instructions asked by
plaintiff. Knapp v. Dunham, 195 S. W. 1062; Kamoos
v. Ry. Co., 202 S. W. 434; Haines v. Ry. Co., 203 S. W.
630; Boles v. Dunham, 208 S. W. 480; Kirn v. Harvey,
208 S. W. 479; Simms v. Dunham, 203 S. W. 652; Senn
v. Ry. Co., 108 Mo. 142; Toncrey v. Ry. Co., 129 Mo.
App. 596; Martin v. Wigglesworth, 193 S. W. 906; Price
v. Breckenridge, 92 378; Greer v. Ry. Co., 52 Mo.
316; Klamp v. Rodenwall, 19 Mo. 449. (3) The court
erred in admitting incompetent, irrelevent and imma-
terial evidence offered by plaintiff. Senn v. Ry. Co., 108
Mo. 142; Hall v. Coal & Coke Co., 260 Mo. 351; Glas-
gow v. Ry. Co., 150 Mo. 51. (4) The court erred in per-
mitting the parents of plaintiff, over the objections of
defendant, to keep plaintiff in and around the court room
during the trial, thus exhibiting him to the jury. State
v. Winnett, 92 Pac. 904; 40 Cyc. 2213; Easley v. Ry.
Co., 113 Mo. 246; Clack v. Subway Co., 138 Mo. App.
216; Ottoman v. Ry. Co., 32 Kan. 419; Stampofski

v. Steffens, 79 Ill. 303; Bowle v. Washington, 62 Mo. 302; Harrington v. Railroad, 157 Mass. 579; Aldrich v. Wetmore, 52 Minn. 164; Woodbury v. Anoka, 52 Minn. 329; Peppercorn v. Black River Falls, 89 Wis. 38; Luquer v. Bunnell, 170 N. Y. S. 665; Wooldridge v. Wright, 105 Ky. 247; Curry v. Quast, 166 N. Y. S. 366. (5) The court erred in refusing to discharge the jury. Clack v. Subway Co., 138 Mo. App. 216. (6) The verdict is excessive. Applegate v. Ry. Co., 252 Mo. 173; Kinney v. Ry. Co., 169 S. W. 23; Ostertag v. Ry. Co., 261 Mo. 463; Newcomb v. Ry. Co., 182 Mo. 727; Farrar v. Ry. Co., 155 S. W. 439; Hurst v. Railroad, 219 S. W. 566; Hollenback v. Ry. Co., 141 Mo. 97; Brady v. Railroad, 206 Mo. 509; Swearingen v. Mining Co., 212 Mo. 524; Harris v. Ry. Co., 200 S. W. 111; McWhirt v. Ry. Co., 187 S. W. 830; Lessenden v. Ry. Co., 238; Mo. 247; Yost v. Ry. Co., 245 Mo. l. c. 252; Willitts v. Ry. Co., 221 S. W. 65; Bryant v. Ry. Co., 217 S. W. 632. (7) The verdict as rendered by the jury is so grossly excessive as to show passion and prejudice upon the part of the jury. Willitts v. Ry. Co., 221 S. W. 65; Ganz v. Ry. Co., 220 S. W. 497; Ossenberg v. Chemical Co., 218 S. W. 421; Riggs v. Ry. Co., 212 S. W. 878; Hulse v. Ry. Co., 214 S. W. 155; Young v. Lusk, 268 Mo. 640; Davenport v. Electrical Co., 242 Mo. 11; Lundahl v. Kansas City, 209 S. W. 564; Henson v. Kansas City, 210 S. W. 13; Turnbow v. Ry. Co., 211 S. W. 41; Johnson v. Brick Co., 205 S. W. 615; Haynes v. Trenton, 108 Mo. 123; Nichols v. Glass Co., 27 S. W. 516; Cambron v. Railroad, 165 Mo. 543; Furnish v. Railroad, 102 Mo. 438; Chitty v. Railroad, 166 Mo. 435; Taylor v. Railway, 185 Mo. 239; Stoltze v. Railroad, 188 Mo. 581; Chlanda v. Transit Co., 112 S. W. 249; Partello v. Ry. Co., 217 Mo. 645; Norris v. Ry. Co., 239 Mo. 659; Campbell v. Ry. Co., 243 Mo. 141; Clark v. Ry. Co., 234 Mo. 396; Rodney v. Ry. Co., 127 Mo. 676; Lyons v. Railroad, 253 Mo. 143; Dominick v. Coal Co., 255 Mo. 305; Holzmer v. Ry. Co., 169 S. W. 102; Gibney v. Transit Co., 204 Mo. 704; Morrell v.

Laurence, 203 Mo. 363; Adams v. Ry. Co., 100 Mo. 569; Markey v. Ry. Co., 185 Mo. 364; Waldher v. Railroad, 87 Mo. 37; Welborn v. Ry. Co., 170 Mo. App. 351; Wellman v. Ry. Co., 219 Mo. 154; McDonald v. Railroad, 164 Mo. App. 56; Aaron v. Ry. Co., 159 Mo. App. 307; Stokes v. Ry. Co., 173 Mo. App. 676; Guilbert v. Kessinger, 173 Mo. App. 680; Dent v. Traction Co., 145 Mo. App. 61; Davidson v. Transit Co., 211 Mo. 320; Clifton v. Railroad, 232 Mo. 708; Moore v. Transit Co., 226 Mo. 689; Waddell v. Ry. Co., 111 S. W. 542.

*Harry G. Kyle* for respondent.

(1) The trial court did not err in overruling the appellant's demurrer, offered at the close of plaintiff's case, and again at the close of the entire case. Simon v. Ry. Co., 231 Mo. 65; Cytron v. Transit Co., 205 Mo. 692; Cornovski v. Transit Co., 207 Mo. 263; Wise v. Transit Co., 198 Mo. 546; Koenig v. Ry. Co., 194 Mo. 564; Levin v. Ry. Co., 140 Mo. 624; Schmidt v. Ry. Co., 163 Mo. 645; Meeker v. Ry. Co., 178 Mo. 173; Wagner v. Ry. Co., 160 Mo. App. 334; Childers v. Ry. Co., 141 Mo. App. 685; Bryant v. Rys. Co., 217 S. W. 633. (2) Respondent's instructions correctly declared the law applicable to this case. Crowl v. Linseed Co., 255 Mo. 330; Raming v. Railway, 157 Mo. 477; Knorpp v. Wagner, 195 Mo. 637; Turnbow v. Rys. Co., 211 S. W. 41; Bryant v. Rys. Co., 217 S. W. 633; Salmons v. Railway, 197 S. W. 35. (3) The evidence admitted was within the allegations of the petition. Strother v. Dunham, 193 S. W. 882. (4) The court did not err in permitting plaintiff to remain in and around the court-room. Art. 2, sec. 10, Mo. Constitution; Sec. 3862, R. S. 1909; Boyd v. Mo. Pac. Ry. Co., 236 Mo. 81. (5) The verdict in this case is not excessive. Hurst v. Railroad, 219 S. W. 566; Miller v. Harpster, 273 Mo. 605; Gurtman v. Lusk, 208 S. W. 61; Turnbow v. Rys. Co., 211 S. W. 41; Griffith v. Railway, 97 Mo. 647; Rodney v. Railway, 127 Mo. 676.

(6) The verdict did not show passion and prejudice upon the part of the jury. Hurst v. Railroad, 219 S. W. 566.

GRAVES, J.—Action for personal injuries. Plaintiff, a child less than four years old at the time of the injury, and who sues herein by his father as next friend, was run over by one of defendant's cars on West 39th Street in Kansas City, Missouri. West 39th Street runs east and west, and the accident occurred in the block to the east of Bell Street, a north-and-south street crossing West 39th. The negligence pleaded is that covered by the humanitarian rule. As the result of the accident the left leg of plaintiff had to be amputated. Upon a trial before a jury he secured a verdict of $30,000, but upon motion for new trial the trial court required plaintiff to remit $15,000, which was done, and judgment was entered for $15,000. A number of assignments of error have been made here, and those of substance, together with the relevant facts, will be noted in the course of the opinion.

I. The appellant contends that its demurrer to the evidence should have been sustained for two reasons.

**Demurrer to Evidence.** First, because the petition fails to state a cause of action, and, secondly, because the evidence fails to show negligence upon the part of the defendant. Of these in order.

The petition does not aver that this child, then three and one-half years old, was oblivious of his danger, in crossing from the south to the north side of West 39th Street, at the time of the accident. It is true that the petition does not so aver, but it does aver the age of the child. This was sufficient. The parents of this child brought suit against the defendant for loss of service and medical attention. [Bryant v. Kansas City Rys. Co., 217 S. W. 632.] The same point was made there, and ruled against defendant. The rule of the Kansas City Court of Appeals in that case is sound and we

approve it.    Such ruling is sustained by the cases' in the opinion cited.

The other question requires some more of the facts. Defendant operated a double street car line on West 39th Street. The accident occurred at about 3:00 p. m. of March 7, 1917. There was no fog, but the sky was partially clouded. The little child was plainly visible by witnesses as he approached the danger point. The west-bound car which did the injury was going up a 2¼ per cent grade from Genesee Street on the east to the point of accident, about fifty feet east of Bell Street. The distance between these two north-and-south streets is about 270 feet. The position of appellant is that the child darted from behind a passing east-bound car, immediately in front of the west-bound car. If this were true, there could be no liability under the humanitarian rule, or any other rule of negligence. The trouble is that there is evidence tending to show a contrary state of facts, and upon this evidence the jury has found against defendant. The evidence conflicts as to just when the west-bound car (the car doing the injury) passed the east-bound car within the space of this block between Bell Street and Genesee Street. There is evidence tending to show that the last east-bound car passed this west-bound car at a point fifty feet west of Genesee Street. This would leave ample space for the motorman to see the little boy as he came from the south side of West 39th Street, as the point of accident is estimated at fifty to seventy-five feet east of Bell Street, and the block space at 270 feet. The car was running at a very slow speed, variously estimated at from four to ten miles per hour. It could have been, upon this up-grade, stopped very quickly, with safety to passengers. The evidence in the present record does not differ substantially from the evidence (upon this point) in Bryant v. Ry. Co., supra, and the Court of Appeals ruled that there was ample evidence upon which to take the case to the jury under the humanitarian rule. The jury

could (under the evidence) find that a passing east-bound street car did not obstruct the view of the motorman, and they have so found. We conclude that there was no error in submitting the plaintiff's case to a jury for determination and that defendant's demurrer to the evidence was properly overruled.

II. The next contention is that there was error in the giving of Instruction No. I, for the plaintiff. This instruction reads:

"The court instructs the jury that if you find and believe from the evidence in this case, that plaintiff, Revis Efton Bryant, is a minor of about four years of age, and that Homer F. Bryant, is acting as next friend of said Revis Efton Bryant, for the prosecution of this suit, and if you further find and believe from the evidence that on March 7, 1917, West 39th Street was one of the public streets in Kansas City, Missouri, and that on said seventh day of March, 1917, at about 3:30 p. m. thereof, said plaintiff was crossing West 39th Street, going north, at or near a point about fifty feet east of the curb line, on the east side of Bell Street, and that while on or near the tracks of defendant's street railway, and while crossing said street at said point, if so, one of the defendant's west-bound electric cars negligently and carelessly, if so, ran against plaintiff and over his left leg, thereby so injuring said left leg that it had to be, and was as a direct result thereof, amputated, and if you further find and believe from the evidence that the motorman in charge of said car saw plaintiff, or by the exercise of ordinary care and caution could have seen plaintiff on or near said track, and in a position of imminent peril of being struck by said car and oblivious of his peril, if you find he was, within reasonable time, if you find there was, by the exercise of ordinary care to have slowed up or stopped said car, and avoided said injury, if so, and without injury to the people upon said car and failed negligently so to do, if so, and that plain-

*Instruction:*
*Misleading:*
*Following*
*Pleadings.*

tiff's injury was the direct result of such negligence, if any, and that in that case your finding must be for the plaintiff and against the defendant. You are further instructed that by 'ordinary care' as used in the instructions herein, is meant such care as an ordinary prudent and careful person would exercise under the same or similar circumstances, and that by 'negligence' as used in the instruction herein, is meant, a lack or want of said ordinary care.''

We regret to have to quote the whole of this instruction, but the objections are such that it should be done. In the argument on this instruction it is said:

''First. It is involved, confusing ad misleading, and is so drawn that it is likely to, and doubtless did, mislead a jury of laymen. A reading of this instruction as above set out will fully demonstrate our contention along this line.

''This instruction is also erroneous, in that it does not follow the allegations of the petition, in requiring the jury to find the plaintiff was oblivious of his peril.''

A reading of the instruction does not impress us as it has counsel. It is rather verbose, but we hardly think it misleading. A very similar instruction has passed muster in our Court in Banc. [Holmes v. Ry. Co., 207 Mo. l. c. 160.]

Nor do we think the clause used therein ''oblivious of his peril'' makes the instruction bad, on the theory that it is broadening the issues made by the pleading. The petition was good, without the use of this expression, because a child of such tender years would have no idea of peril either imminent or otherwise. His very age made him oblivious to danger. The allegation as to his age was in fact an allegation that he was oblivious to the imminent peril. The instruction required the jury to find him to be about four years of age, and a child of that age would be oblivious of danger. As a fact he was less than four years of age. The instruction in this regard cannot be held to be so erroneous as to justify a reversal. Another com-

plaint is that the term "imminent peril" is not defined. These are ordinary English words and require no definition. Other objections made to this instruction are without merit. The instruction fairly presents the law of the case.

III. The next objection is lodged against plaintiff's Instruction No. 2, which reads:

"If the physical facts, as shown by the evidence, in this case and common observation and experience are

**Testimony: Conflicting With Physical Facts.**

in conflict with and contrary to the testimony of any witness in the case, then it is your duty to take into consideration such physical facts and common observation and experience and to disregard the testimony of

any such witness in conflict therewith and contrary thereto."

It is hard to grasp just the contention here, but as we gather it the complaint is that the instruction directed the jury to disregard *all* of the testimony of the witness, if any portion thereof conflicted with physical facts and common observation. If the instruction did this it would be error, in so far as it directed the absolute exclusion of such portions of the evidence of the witness which did not conflict with physical facts and common observation. The jury should have been left their discretion to believe or not believe such portions of the testimony of such witness as did not conflict with physical facts and common observation. This, under the rule which leaves it to the jury to determine what parts of the testimony of such witness they will accredit, when they find that he has wilfully sworn falsely in a portion of his testimony. Counsel in their argument say:

"This instruction should have stated, to correctly state the law, as we understand it, that the jury should disregard that part of any witness's testimony in conflict with physical facts or common observation. We have no fault to find with the instruction telling the jury that if

the testimony of any witness is contrary to physical facts and common observation, they should take the physical facts and common observation in preference to the testimony of the witness; but we do say that the testimony of such witness on other subjects ought not to be excluded. It is true that if the jury determines that a witness testifies falsely as to one thing, they would be justified in disregarding his entire testimony, on the theory that if he was false in one he would be false in the other; but a witness might be perfectly honest, and might testify to a state of facts concerning a certain particular thing in a chain of circumstances that was a physical impossibility, and yet the jury might believe that that witness was perfectly honest in his belief, and would be perfectly willing to believe him on all other subjects.''

The trouble is that counsel has placed the wrong construction upon the instruction. This instruction goes no further than to tell the jury to disregard that portion of his testimony which is found to conflict with physical facts, and common observation. The clause ''to disregard the testimony of any such witness in conflict therewith and contrary thereto'' refers to testimony in conflict with physical facts and common experience, and not to other portions of the testimony of such witness. It does not refer to *all* of his testimony, but only to such portions wherein it conflicts with physical facts and common observation. In other words we construe this instruction to be just what appellant's counsel in his argument says that it should be, under fixed principles of law.

IV. Instruction No. 3 for plaintiff is conceded to be correct, but instruction No. 4, is attacked. This instruction reads:

''You are further instructed that if you find for the plaintiff, you should allow him such a reasonable amount as you may find and believe from the evidence would fairly and justly compensate him for Measure of the injury caused by the carelessness or negligence of defendant, if so, and for the loss of

his left leg. The total amount, if any, allowed the plain-
tiff cannot exceed the sum of $30,000, which is the amount
sued for. The fact, however, that plaintiff sued for such
sum, must in no manner influence your verdict or its
amount, should you find in his favor.''

The instruction is a little unfortunate in language.
The plaintiff was entitled to recover for all damages to
him, which were occasioned by the negligence of the de-
fendant. Those injuries included, "the loss of his left
leg," and according to the petition (1) that "plaintiff
has suffered and will continue to suffer great pain and
anguish of mind and body" (by reason of the loss of
the left leg) and (2) "has suffered a great shock to his
nervous system, and has lost and will continue to lose
his natural rest and sleep, and that by reason of his
age and inability to get around by reason of the loss
of his leg, his body, nervous system and mind have been
permanently injured and impaired and that his body and
mind will not develop and grow in strength as it would
ordinarily by reason of the said physical incapacity, and
that his earning capacity has been totally and will be
total impaired *from and after the day he shall have
obtained his majority until his death.*''

So it does not appear from the petition that the
mere loss or absence of the left leg is the sole injuries
complained of by the plaintiff, as learned counsel urge
in their argument in the brief. Nor is it true that the
mere loss of the leg is the only injury shown by the
evidence. The physician testified that prior to and after
the amputation the child suffered from a "profound
shock." Without detailing further evidence as to how
the accident occurred, and its attendant circumstances
and fearful results, it is sufficient to say that this in-
struction, even with the clause first above quoted, could
not have been harmful. It only allowed the plaintiff
damages for the injuries to plaintiff (such as the evi-
dence showed) occasioned by the negligence of defendant.

The foregoing covers plaintiff's instructions. De-
fendant received all the instructions it asked. Nothing

was asked by defendant more particularly limiting the recovery to the injuries proven. So far as its instructions go, there seems to be acquiescence in the one given for plaintiff on measure of damages. We mean, that whilst defendant objected to all of plaintiff's instructions, it offered none on measure of damages.

V. There are some objections to the admission of testimony but they are so technical in character, that we do not deem them of sufficient consequence to encumber this opinion therewith. The argument of counsel thus classifies these objections:

<span style="margin-left:2em">Evidence: Technical Objections.</span>

"While there were some repetitions throughout this case, indulged in by both plaintiff and defendant, and while there was some immaterial testimony elicited by both sides, a reading of the abstract will show that it is fairly free from prejudicial, incompetent testimony. There are some questions and answers which we believe were prejudicial and incompetent, irrelevant and immaterial, to which we desire to call particular attention, as follows."

These following specifications we have gone over, with the impression above expressed.

VI. It is next urged there was error in the fact that the parents kept the plaintiff in *and about* the court during the trial. His presence before the jury is the thing objected to by defendant. At a previous trial, the week before, it appears that the child had been offered as a witness, and of course, owing to his tender years, was excluded. At the trial from which this appeal was taken, the child was kept, most of the time, out in the hallway of the building, outside of the court-room. This, because the mother was sworn as a witness in the case, and being placed under the rule, was excluded from the court-room, and the child was with her. However, at times the jury saw him, both in this hall, and in the court-room. The evidence fails to show any undue pa-

<span style="margin-left:2em">Trial: Plaintiff's Presence.</span>

rading of the plaintiff before the jury. He was in their presence, and was walking upon a crutch, the only way he could walk.

Because this plaintiff was too young to testify was no reason for excluding him from the court-room. He was the plaintiff in the case, and had a right to be in the court-room. We know of no court which ever excluded the parties to an action from the presence of the jury, and the authorities cited by appellant do not go so far. If they did, we would not follow them. Certain it is, that no Missouri court has so ruled. This complaint of defendant is without merit.

VII. The defendant not only objected to the presence of the plaintiff before the jury, but moved to have the jury discharged for that reason. At **Trial: Discharging Jury.** most the jury could but see the absent leg. But, if the plaintiff had the right to be in court when his cause was being heard, as we have ruled, this motion to discharge the jury was well ruled below.

VIII. Lastly it is contended that the verdict is excessive. In this connection it should be said that the only permanent injury to the child, as shown by the evidence, is this loss of the leg. There were other tem-**Excessive Damages.** porary injuries, but even the shock to the system is not shown to be permanent by the doctors who testified for plaintiff. There was a shock, which the jury had a right to consider, but it was temporary, so far as this record speaks. It is true that in cutting down verdicts this court has to consider the peculiar facts of each case. Especially is this true as to the character of the injuries. In the instant case the plaintiff had no right to recover for medical and similar attentions. Nor had he the right to recover for the value of his services up to the hour of his majority. For these items the mother and father have already recovered in the sum of $3000. [Bryant v. Ry. Co., 217 S. W. 632.] As to the damage to his earning

capacity he must begin this claim with the day of his majority. At his age the probability of continued life is less than it would be were he older. The books recognize this view.

Up until very recently this court has never sustained a verdict for more than $10,000 for the simple loss of a limb. [Hurst v. Railroad, 280 Mo. 566, 219 S. W. l. c. 568.] Nor have we heretofore undertaken to measure these damages by the fluctuating purchasing power of the dollar, until the case of Hurst v. Railway, 280 Mo. 566, 219 S. W. 566, supra. The cases wherein we have permitted more than $10,000 to stand are cases wherein the loss of the leg was combined with other injuries. We have no other permanent injuries in the case at bar.

In the instant case the fact that the loss of full and complete service begins at the age of 21 years, and the period of damage from such decreased power to work or serve, might be longer than in the cases heretofore considered and ruled, yet those cases were of adults when the $10,000 allowed covered medical attention, which is not in this case. Here the recovery is completed, so far as it will be completed, during minority, and the expenses of the recovery have been allowed the parents. In our judgment this verdict is yet some $5,000 too high and the trial court should have reduced the original judgment to $10,000 instead of $15,000, as was done. This accords with a long line of our cases, as the same are cited in the Hurst case, supra. Others could be cited of like tenor. It is, however, urged here, as it was in Hurst's case, that we should take into consideration the purchasing power of the dollar. Such would be a fluctuating rule, because the purchasing power of the dollar fluctuates. Right at this moment the purchasing power of the dollar is on a rapid increase. Next month or next year it may be much greater than now or something unforeseen might happen, and it might greatly decrease again. The point is, that there is no such stability about the purchasing

power of our unit of value, as will justify the courts to adopt a rule along the line contended for by the respondent. We are satisfied with the precedents (large in number) which precede Hurst's case, and these cases exclude the idea of the fluctuating purchasing power of the medium of exchange.

We therefore affirm this judgment, if the plaintiff, will within ten days enter a *remittitur* in the sum of $5,000 as and of the date of the original judgment, so that the judgment may remain as $10,000, as and of the date of the original. If such *remittitur* be not entered, then the judgment is reversed and the cause remanded for retrial in accordance with the views herein expressed.

PER CURIAM:—The foregoing opinion of GRAVES, J., in Division, coming on for disposition in Banc, is adopted so far as the questions of alleged error and defendant's liability are concerned. *Walker, C. J.*, concurs in all that is said except the reference to Hurst's case. A majority of the judges think the verdict should stand for $13,500 rather than for $10,000, as indicated in the opinion of *Graves, J.*, and the opinion is modified to this extent. To this modification *James T. Blair, Higbee, David E. Blair* and *Elder, JJ.*, concur, and Walker, C. J., *Woodson* and *Graves, JJ.*, dissent. The judgment is therefore affirmed upon condition that the plaintiff remit, within ten days, the sum of $1500 as and of the date of the original judgment; otherwise, the judgment will be reversed and the cause remanded.