638 P.2d 1331

Jack MORLEY, as Guardian Ad Litem and next friend of his son Paul J. Morley; Paul J. Morley, individually; and Richard Wayne Nelson, Petitioners,

v.

SUPERIOR COURT OF ARIZONA In and For MARICOPA COUNTY, and the Honorable Ed W. Hughes Acting as a Judge Thereof; and the City of Scottsdale, a political subdivision of the State of Arizona, the Real Party in Interest, Respondents.

No. 15652.

Supreme Court of Arizona, In Banc.

Dec. 9, 1981.

Rehearing Denied Jan. 20, 1982.

Fennemore, Craig, von Ammon & Udall by Silas H. Shultz, John G. Ryan, S. Cary Forrester, Phoenix, for petitioners.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Steven D. Smith, Phoenix, for respondent City of Scottsdale.

GORDON, Justice:

Petitioners sued the City of Scottsdale, real party in interest, alleging negligence in the "design, control, construction and signing of Scottsdale Road in the vicinity of Lincoln Drive." Petitioners Paul Morley and Richard Wayne Nelson were seriously injured in a traffic accident in that area on October 27, 1979. Paul Morley remains in a coma, and Richard Wayne Nelson, although otherwise apparently recovered from the accident, suffers retrograde amnesia concerning the events of the accident.

The plaintiffs filed separate cases in Maricopa County which were consolidated as Cause No. C–403656. The Honorable Ed W. Hughes, respondent, was assigned as the trial judge. On September 14 and 16, 1981, the respondent judge ruled on several pretrial motions. Petitioners have brought this special action to challenge these pretrial rulings: (1) severance of trial of the liability and damages issues pursuant to Rule 42(b), Arizona Rules of Civil Procedure; (2) exclusion of petitioner Paul Morley from trial of both issues; (3) exclusion of all pictures of petitioner Paul Morley in his present condition from the liability trial and admission of only one picture of him in the damages trial; and (4) limitation of petitioners' ability to explain Paul Morley's absence to a statement that Morley "has suffered brain injury" and limitation on comment about both petitioners' failure to testify to a statement that neither Paul Morley nor Richard Nelson has a memory of the accident. Taking jurisdiction pursuant to A.R.S.Const. Art. 6, § 5(1), we grant in part petitioners' prayer for relief.

Before discussing the issues, we note that these rulings spring from one common fact: petitioner Paul Morley is in a coma. This vegetative state, which will probably last the remainder of his life, requires a tracheostomy for him to breathe, and he is fed from a tube inserted in his stomach. The

trial court's rulings reflect a concern for the prejudicial impact Paul Morley's appearance would have on the jury.

## SEVERANCE

 The trial court, relying on Rule 42(b), Arizona Rules of Civil Procedure, granted the City of Scottsdale's motion to sever trial of the liability issue from trial of the damages issue. Rule 42(b) provides in part:

"The court, in furtherance of convenience or to avoid prejudice * * * may order a separate trial of any claim * * * or of any separate issue or any number of claims * * * always preserving inviolate the right of trial by jury."

The trial court is given broad discretion in deciding whether to exercise the severance power of Rule 42(b), *Woods v. Harker*, 22 Ariz.App. 83, 523 P.2d 1320 (1974) (citing cases), and we do not believe that discretion was abused in the instant case.

Our Rule 42(b) is based on Rule 42(b) of the Federal Rules of Civil Procedure. Discussing the federal rule, one authority has stated:

"Separation of issues of liability from those relating to damages is an obvious use for Rule 42(b). Logically liability must be resolved before damages are considered. Often the evidence pertinent to the two issues is wholly unrelated. Thus it is not surprising that courts, in many kinds of litigation, have ordered this separation."

C. Wright & A. Miller, *Federal Practice & Procedure* § 2390 (1971).

The record before us would support a finding in the instant case that the evidence relevant to the two issues is unrelated. Moreover, because we hold *infra* that Paul Morley has a right to appear before the jury during trial of the damages issue but not the liability issue, severance prevents undue prejudice to the City of Scottsdale which would result if the jury saw Morley's injuries before it considered whether the city was liable for those injuries. Severance will insure that Paul Morley will be present only when his presence is relevant

to his case. *See Dickson v. Bober*, 269 Minn. 334, 130 N.W.2d 526 (1964). The issues were properly bifurcated.

## EXCLUSION OF PAUL MORLEY

The respondent judge granted the City of Scottsdale's pretrial motion to preclude the plaintiffs from bringing Paul Morley into the courtroom during either stage of trial. The judge apparently was concerned that because of Morley's condition, he would be unable to assist in the presentation of the case and his presence would only prejudice the jury by evoking sympathy for him. We affirm in part and reverse in part this ruling.

Courts considering this issue have expressed a variety of views. The oldest cases simply applied negative reasoning—there is no authority to exclude a litigant from the courtroom, so the litigants have a right to be present. *Chicago Great Western Ry. Co. v. Beecher*, 150 F.2d 394 (8th Cir. 1945); *Bryant v. Kansas City Rys. Co.*, 286 Mo. 342, 228 S.W. 472 (1921). A more recent case reached the same result by positive reasoning—the right to be present at all stages of trial, except deliberation, is ancillary to the right to trial by jury. *Carlisle v. County of Nassau*, 64 A.D.2d 15, 408 N.Y.S.2d 114 (1978).

Florida appears to have considered the issue more often than any other jurisdiction. The original rule was that a plaintiff had a right to be present at trial. *See Florida Greyhound Lines, Inc. v. Jones*, 60 So.2d 396 (Fla.1952). The court stated, "It would be strange, indeed, to promulgate a rule that a plaintiff's right to appear at his own trial would depend on his personal attractiveness, or that he could be excluded from the courtroom if he happened to be unsightly from injuries which he was trying to prove the defendant negligently caused." *Id.* at 397. The Florida rule then seemed to change so that the trial court had discretion to allow or exclude a plaintiff's presence in the courtroom. *See Talcott v. Holl*, 224 So.2d 420 (Fla.App.1969); *accord Whitfield v. Roth*, 10 Cal.3d 874, 112 Cal.Rptr. 540,

519 P.2d 588 (1974) (court limited to ten minutes appearance of plaintiff, who was confined to a wheelchair for life by accident in question). The present Florida rule is that in the absence of a showing that a party is so incapacitated as to be unable to comprehend the proceedings, the party has a right to be physically present at trial. *Freeman v. Rubin*, 318 So.2d 540 (Fla.App. 1975). We note, however, that no recent reported Florida case has used the rule to exclude a plaintiff from the courtroom.

■ Having considered the various precedents, we believe the best rule is applied in *Dickson v. Bober*, 269 Minn. at 338 n. 3, 130 N.W.2d at 530 n. 3 (1964). "[A] plaintiff unable by reason of his injuries to contribute to or understand the trial proceedings" may be excluded, in the court's discretion, from trial of the *liability* issue if the plaintiff will be "fully and adequately represented by counsel." *Id.* at 337, 130 N.W.2d at 530. A plaintiff unable to at least communicate with counsel will have no right denied by exclusion from the courtroom during the liability phase of the trial. If in addition the plaintiff's physical condition, allegedly caused by the defendant, is so pitiable that the trial court determines the plaintiff's mere presence would prejudice the jury, then failure to exclude the plaintiff during the liability phase would deny the defendant's right to an unbiased jury when the source of the bias is totally irrelevant to the liability issue.

■■ The balance is somewhat different during the damages phase of the trial. The plaintiff should be allowed to prove damages by the most direct evidence available—the plaintiff's own physical condition. It is true that the jury may still have a bias against the defendant because of the plaintiff's condition, but the bias in the damages phase is grounded on relevant evidence. The right to trial by jury is the right to a trial by one's peers, and this includes the right to have a person's conduct judged by

community standards. The defendant cannot avoid responsibility for his or her conduct by preventing the jury from seeing the results of that conduct and applying community standards to those results. A jury should not decide *liability* based on the severity of the plaintiff's injury, but certainly the jury should award *damages* based on the severity of the plaintiff's injuries.

■ When the trial court determines that the plaintiff's condition will unduly prejudice the jury on the liability issue, care must be taken to grant the plaintiff's right to be present to prove damages but also to avoid undue prejudice on the liability issue. The solution is suggested in *Dickson*, 130 N.W.2d at 530 n.3, and it will be used in the instant case. That solution is to sever the trials of the liability and damages issues.

■ Applying these rules to the instant case, we find the trial court erred in part. The respondent judge correctly precluded Paul Morley from appearing in front of the jury during the liability trial. He is unable to assist his representatives in the presentation of the liability case. But under the rule we adopt today, Paul Morley should be permitted to appear before the jury to prove damages, should the jury find the City of Scottsdale liable.[1]

## EXCLUSION OF PICTURES

The respondent judge precluded petitioners from showing to the jury pictures of Paul Morley in his present condition except for the use of one picture during the damages phase of the trial. Apparently, this ruling had the same purpose as the one excluding Paul Morley from trial to prevent unfair prejudice to the City of Scottsdale from Paul Morley's condition.

As to the liability trial, we hold that the respondent judge acted within the discretion granted by Rule 403, Arizona Rules of Evidence. As to the damages trial, we believe the ruling was effected in part by the assumption that Paul Morley would not appear before the jury and more than one

---

1. The right to appear is not absolute. If Paul Morley's presence becomes disruptive to the conduct of the trial, he may waive his right to

be present, at least at times other than the brief period when his presence is necessary to show his injuries to the jury.

picture would be more prejudicial than probative. Because we have held that Paul Morley may appear before the jury during the damages trial, the balance under Rule 403 may have changed. We therefore vacate the trial court's ruling as to the use of pictures during the damages trial and remand for reconsideration in light of this opinion.

## EXPLANATION OF LACK OF TESTIMONY

When the respondent judge excluded Paul Morley from trial, petitioners sought to explain his absence and the failure of Richard Nelson to testify by expert medical testimony. The City of Scottsdale objected, and the trial court made this ruling on September 16, 1981:

> "IT IS ORDERED that the Plaintiff's counsel can make a statement to the jury stating that the plaintiff Morley cannot be present for the reason that he has suffered brain injury and does not remember any events concerning the accident. [Plaintiff] Morley has no memory of the accident and subsequent events, and [plaintiff] Nelson has no memory of the accident."

We find this restriction of the petitioners' proof was error.

We agree with petitioners' assessment of this order: "The jury will be left to speculate as to the reasons for [Morley's] absence and may well infer that he either has something to hide or simply isn't interested in the litigation." Moreover, jurors are less likely to believe a lawyer's explanation for a client's absence than a medical expert's explanation. There is no reason to chance misleading the jury. No prejudice will result to the City of Scottsdale so long as petitioners' witness is limited to explaining the nature of Paul Morley's condition as it relates to his inability to testify and does not add gratuitous details of Morley's condition aimed at prejudicing the jury.

The same reasoning applies a fortiori to Richard Nelson. The jury is even more likely to speculate as to his failure to testify about the accident because presumably he will be present at trial and may testify as to other matters. Further, there is even less likelihood of prejudice as Nelson's present condition probably will not evoke as much sympathy from the jury as for Morley. Therefore, petitioners may also explain by expert testimony Nelson's failure to recall the accident so long as no attempt is made to add extraneous, prejudicial detail.

## CONCLUSION

Petitioners' prayer for relief is granted in part and denied in part. The pretrial rulings excluding Paul Morley from the damages trial and restricting the explanation of Morley's and Richard Nelson's failure to testify about the cause of the accident during the liability trial are reversed. The orders severing the liability and damages trials and excluding Morley and photographs of him from the liability trial are affirmed. The order excluding photographs of Morley from the damages trial is vacated and remanded for reconsideration in light of this opinion.

The rulings of the respondent court are affirmed in part, reversed in part, and vacated and remanded in part.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.