OPINION OF THE COURT
Harold Baer, Jr., J.
Fifth-party defendants Union Carbide and Stauffer Chemical Company, and fourth-party defendants Eastman Chemical Products, Inc. and Novick Chemical Company Inc., move collectively in this negligence action for a bifurcated trial and to exclude the infant plaintiff, Gianni Monteleone, from the courtroom during the liability phase of a bifurcated trial. Defendant Gestetner Corporation cross-moves for the same relief.
Gianni Monteleone, a 10-year-old boy, was born without arms or hands and with functional, but substantially shortened legs. At the hearing in chambers he was brought by his parents in a "stroller”. These birth defects, it is alleged, were caused by substances, or a combination of substances, emitted from the exhaust of a stencil scanner sold by Gestetner. The various "component parts” were manufactured by the impleaded third-party defendants. The chemical manufacturers were impleaded by the third-party defendant Fitchburg (manufacturer of the stencils used with the scanner) for failure to warn of the allegedly potential teratogenic effects of the chemicals supplied and incorporated into the stencils. Consequently, the issue of liability turns virtually exclusively on highly technical medical and scientific testimony.
The movants contend that the infant plaintiffs presence in the courtroom will prejudice the jury and is unnecessary to resolve the complex issue of liability. Further they contend that the concepts to be advanced are far beyond his comprehension and thus he could in no meaningful way assist in his defense. Plaintiffs right to be present during the damage stage of the trial has not been challenged.
*843 Having granted movant’s motions to bifurcate the trial pursuant to 22 NYCRR 202.42 (see, Monteleone v Gestetner Corp., Sup Ct, NY County, May 17, 1988 [index No. 05107/79] [decision and order of Baer, J., granting bifurcated trial]), the court now addresses the issue of whether a seriously and irrevocably deformed infant plaintiff may be excluded from the liability portion of his own trial. This question which for this court at least is not free from doubt is apparently one of first impression in New York; at least we have unearthed no precedent. This court concludes that under certain circumstances a plaintiff may be excluded from the liability phase of his case and those circumstances are present here. The plaintiff will be excluded from the liability aspect of his case.
On the Federal level, however, there is some law. In Helminski v Ayerst Labs. (766 F2d 208, 213 [6th Cir 1985], cert denied 474 US 981 [1985]) (hereinafter Helminski) the Sixth Circuit concluded that the seemingly normal looking infant in that case was improperly excluded from the trial. That court however took pains to point out that "[n]either the Fifth Amendment’s due process clause nor the Seventh Amendment’s guarantee of a jury trial grants to a civil litigant the absolute right to be present * * * during the trial of his case.” (Supra, at 213.)
Analyzing the issue as a due process question, the court found that an adequately represented litigant may, in some instances, be excluded from his or her trial, but not arbitrarily. (Supra, at 213-214; see also, Carlisle v County of Nassau, 64 AD2d 15, 19 [2d Dept 1978] [where the court held, "(t)he attorney is not the alter ego of his client, but his representative or agent. As such he may not supplant the client either at his or the court’s unbridled pleasure”] [emphasis added].)
In Helminski (supra) the Sixth Circuit outlined types of cases or situations which might guide a trial court in reaching a decision to exclude a party. (Supra, 766 F2d, at 214.) The first group involves the rights of healthy parties whose normal appearance will presumably not influence a jury. Here the party is entitled to be present during all stages of his or her trial. (Supra, at 214.)
In the second group of cases, plaintiff suffers from some physical defect allegedly caused by the defendants. The court in Helminski (supra) stated that the trial court may not exclude a party whose potentially prejudicial physical appearance in no way affects his or her ability to understand the *844 proceedings and aid counsel. (Supra, at 214-215.) In Carlisle v County of Nassau (supra), cited with approval by the Helminski court, the Appellate Division, Second Department, held that an adult plaintiff’s physical condition (permanent paraplegia) was not enough, in and of itself, to justify his involuntary exclusion from jury selection or any other phase of the trial. (Supra, at 18.) The court in Carlisle noted that a party’s presence is important not only so that he may observe the proceedings, but also so that he might “help plan and plot [the] trial strategy”. (Supra, at 19.) As pointed out by the Helminski court, the Florida courts have similarly held that absent a showing that a party’s incompetence or incapacitation renders plaintiff unable to understand the proceeding, plaintiff has a right to be in the courtroom. (See, Florida Greyhound Lines v Jones, 60 So 2d 396 [Fla 1952] [trial court did not err in allowing a stretcher-bound plaintiff to be present during trial]; Purvis v Inter-County Tel. & Tel. Co., 203 So 2d 508, 511 [Fla Dist Ct App 1967] [Per Curiam], cert denied 210 So 2d 223 [Fla 1968]; Freeman v Rubin, 318 So 2d 540, 544 [Fla Dist a App 1975].)
The third group of cases involves plaintiffs who are both physically deformed or disfigured allegedly by a defendant’s conduct and incapable, due to their age or mental or physical condition, from assisting counsel. The Helminski court held that in this situation the decision to exclude plaintiff from the liability phase of a trial lies within the sound discretion of the trial court. (Helminski v Ayerst Labs., supra, at 215-216, citing Dickson v Bober, 269 Minn 334, 130 NW2d 526 [1964] [where the trial court was upheld when it excluded a plaintiff whose injuries from a motorcycle accident left him unable to testify or comprehend the proceedings]; Morley v Supreme Ct., 131 Ariz 85, 638 P2d 1331 [1981] [where the court upheld the trial court’s barring of a comatose plaintiff who required a tracheotomy to breathe and had to be fed through a tube inserted in his stomach].)
As the Arizona Supreme Court wrote in Morley: "A plaintiff unable at least to communicate with counsel will have no right denied by exclusion from the courtroom during the liability phase of the trial. If in addition the plaintiff’s physical condition, allegedly caused by the defendant, is so pitiable that the trial court determines the plaintiff’s mere presence would prejudice the jury, then failure to exclude the plaintiff during the liability phase would deny the defendant’s right to an unbiased jury when the source of the bias is totally *845 irrelevant to the liability issue.” (Supra, 131 Ariz, at 88, 638 P2d, at 1334.)
The plaintiffs physical and mental condition per se must not be the focus of the court’s inquiry on this issue but rather, the effect of plaintiff’s presence on the jury and whether it will be an impediment to a fair trial. The Helminski court summarized the first part of the two-prong test as follows: "[T]he defendant who seeks to exclude a handicapped plaintiff must establish at a hearing that plaintiff’s presence would prevent or substantially impair the jury’s performance of its factfinding task. The requisite showing of prejudice cannot be satisfied simply by establishing that a plaintiff has a physical or mental injury; the party seeking exclusion must establish that the party’s appearance or conduct is likely to prevent the jury from performing its duty * * *. [A] party’s ability to comprehend the proceedings or assist counsel is not the relevant inquiry at this juncture — the issue is whether the party’s presence will unfairly prejudice proceedings in his favor.” (Helminski v Ayerst Labs., supra, at 218.)
Should defendant establish the requisite prejudicial effect upon the jury, the trial court must then determine whether the plaintiff can comprehend the proceedings or aid counsel. If the trial court concludes that the plaintiff can understand the proceedings and assist his attorney in any meaningful way, he cannot be involuntarily excluded regardless of prejudicial impact. (Supra.)
In concluding that the plaintiff had been improperly excluded, the Helminski court relied on the fact that the District Court had never observed him and that his appearance was undisputedly normal. The Sixth Circuit concluded, however, that this error did not warrant a new trial as the plaintiff’s extremely low I.Q. precluded any possibility of plaintiff assisting counsel in any meaningful way, and therefore plaintiff’s due process rights were adequately protected by legal representation. (Supra.)
Following Helminski (supra), the District Court in In re Richardson-Merrell, Inc. "Benedectin” Prod. Liab. Litig. (624 F Supp 1212, 1224 [SD Ohio 1985]) excluded infant plaintiff’s suffering from alleged chemically related birth defects from the liability portion of a bifurcated trial. Applying the two-pronged test the court first determined that in a trial pitting "big business” defendants against children the jury’s observation of allegedly causal abnormalities would be “inherently *846 prejudicial.” Under the second prong of the Helminski test, the court found that on the issue of liability the children could not have meaningfully assisted counsel since that phase of the trial would be dominated by qualified experts in highly technical fields. (Supra.) The court additionally noted that plaintiffs counsel had never claimed that the children were necessary to assist any of the expert witnesses’ demonstrations. (Supra.)
Adopting the Helminski approach too was the Indiana Court of Appeals which upheld the exclusion of a seven-year-old automobile accident victim from the liability phase of his trial. In Gage v Bogarth (505 NE2d 64 [Ind App, 3d Dist 1987]) the court found no abuse of discretion where the Trial Judge’s decision was based on photographic evidence that the plaintiff was confined to a wheelchair and dependent upon a ventilator to breathe. (Supra, at 69.) In addition, the court considered the plaintiffs youth and inability to recall the accident as sufficient evidence that he could not comprehend the proceedings or assist his attorney. (Supra.) The court also pointed out that under the Indiana Constitution, the child’s due process rights would be protected by counsel and his right to a jury trial did not encompass the right to a sympathetic jury. (Supra, at 68.)
In light of the foregoing, and after a hearing in chambers at which the child, both his parents (who will be present) and all the other parties were present, this court now decides to adopt the approach spelled out in Helminski (supra). Having personally observed the plaintiff, it is my judgment that Gianni Monteleone’s presence would indeed prejudice the jury. In the context of a trial involving several corporate defendants, the appearance of Monteleone’s deformed young body could not help but impair the jury’s ability to objectively perform its tasks. (See, In re Richardson-Merrell, Inc. "Bendectin” Prods. Liab. Litig., 624 F Supp, supra, at 1224 ["If the battle is emotional alone, between * * * infants and big business, there can be but one winner.”])
Applying the second prong of the test in Helminski (supra), it is equally clear that plaintiffs youth and naivete preclude his ability to comprehend the proceedings and in any meaningful way assist counsel on the complex issues of chemistry and teratogeny involved in the liability aspect of this lawsuit.
The motion and cross motion to exclude the infant plaintiff from the liability phase of the trial are therefore granted.