■ VINCENZA CAPUTO, Individually and as Conservator of DOMINICK J. CAPUTO, Appellant, v JOSEPH J. SARCONA TRUCKING COMPANY, INC., et al., Respondents. [611 NYS2d 655] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jackson, J.), dated June 11, 1992, which, upon a jury verdict, *inter alia,* dismissed the complaint on the merits after a trial on the issue of liability.

Ordered that the judgment is affirmed, without costs or disbursements.

As a general rule, Judges are encouraged to conduct bifurcated trials in personal injury actions "where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]). In the present case, the plaintiffs have demonstrated no reason to depart from the general rule.

The trial court did not err in excluding the plaintiff Dominick J. Caputo from the courtroom during the liability phase of the trial. Although the physical condition of a plaintiff, in and of itself, is not enough to justify his involuntary exclusion

from any phase of the trial *(see, Carlisle v County of Nassau,* 64 AD2d 15), when a plaintiff is both physically and mentally incapable and his mental incapacity prevents him from assisting counsel in any meaningful way, then the decision to exclude the plaintiff from the liability phase of a trial lies within the sound discretion of the trial court *(see, Helminski v Ayerst Labs.,* 766 F2d 208, 215-216, *cert denied* 474 US 981). Here, Caputo's presence in the courtroom would have impaired the jury's ability to objectively perform its task because he physically appeared to be in a state of unawareness *(see, Helminski v Ayerst Labs., supra; Monteleone v Gestetner Corp.,* 140 Misc 2d 841). Moreover, he had been judicially declared to be mentally incompetent prior to trial. Thus, the trial court did not improvidently exercise its discretion in excluding him from the liability phase of the trial.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.