■ TERESA CRUZ et al., Appellants, v ST. LUKE-ROOSEVELT HOSPITAL CENTER et al., Defendants, and MATERNITY INFANT CARE FAMILY PLANNING PROJECT OF MEDICAL & HEALTH RESEARCH ASSOCIATION OF NEW YORK CITY, INC., Respondent. [722 NYS2d 490] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered December 29, 1999, for defendant-respondent and against plaintiffs, upon a jury verdict in favor of defendant-respondent on the issue of liability, unanimously affirmed, without costs.

The trial court properly exercised its discretion in bifurcating this medical malpractice/wrongful death action since the questions of liability and damages were discrete (*see,* CPLR 603, 4011; 22 NYCRR 202.42 [a]; *Mercado v City of New York,* 25 AD2d 75). In addition, since the court had not yet determined whether the same jury would be deciding both the liability and damages phases of the trial at the time it issued its ruling precluding questioning as to damages during voir dire, there was no violation of 22 NYCRR 202.42 (c).

The court, at the close of plaintiffs' case, properly granted defendant-respondent's motion for a partial directed verdict with respect to whether it had been negligent in prescribing Macrodantin for the decedent and properly precluded all reference to the drug since, even affording plaintiffs every favorable inference properly to be drawn from the facts presented, there was no rational process by which the triers of fact could have found that defendant-respondent had prescribed Macrodantin for the decedent (*see,* CPLR 4401; *Szczerbiak v Pilat,* 90 NY2d 553, 556; *Corsack v Brody,* 255 AD2d 222). It follows that the court's refusal to provide the jury with a circumstantial evidence charge with respect to defendant's purported prescription of Macrodantin was also proper.

The record reveals that the court did not unduly interfere with their case presentation or indicate any partiality or bias

warranting reversal (*see, Bielicki v T.J. Bentey, Inc.*, 267 AD2d 266; *Givens v Sinert*, 243 AD2d 443, *lv denied* 91 NY2d 805).

Although they were plaintiffs in the case, the court properly exercised its discretion in excluding the infant children of the decedent from the courtroom during trial since they did not speak English, were incapable of assisting counsel in the presentation of the case and since their presence might well have impaired the jury's capacity for objective consideration of the facts (*see, Caputo v Sarcona Trucking Co.*, 204 AD2d 507).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.