[Filed November 15, 1887.]

# HERMAN SCHNEIDER *v.* S. E. HAAS.

WITNESSES—PARTIES AS—EXCLUSION OF FROM COURT ROOM.—A statute providing that during a trial the judge may exclude from the court room any witness of the adverse party not at the time under examination, does not authorize the exclusion of a party in·such case. The right to prosecute a suit in court carries with it, as a necessary incident, the further right · to be present during the trial.

MULTNOMAH COUNTY.    Defendant appeals.    Reversed and new trial ordered.

*W. Scott Beebe* and *Geo. W. Yocum,* for Appellants.

*Frank V. Drake,* for Respondent.

STRAHAN, J.—This is an action founded on a promissory note. There was an issue of fact formed by the pleadings, and a jury empannelled to try the same. The bill of exceptions shows that at this point the court, on the application of the plaintiff's attorney, made an order excluding from the court room all of the witnesses of both plaintiff and defendants, during the examination of the witnesses and taking of the evidence; that at that time the plaintiff and both of the defendants were present in court, and the court inquired if both the defendants would testify, and being informed by the defendants' counsel that they would, ordered that one of them be excluded under the order, and that the other could remain, and that defendants' counsel could elect which defendant would be present during the trial. Counsel for the defendants declined to elect, but suggested to the court that the defendant, J. Haas, knew more about the facts than his co-defendant. The court then ordered that the defendant S. E. Haas be excluded from the court room during the taking of the evidence on both sides; to which ruling and action of the court the defendants objected, but the objection was overruled, and the defendants excepted.

It further appears from the bill of exceptions, that at said time neither of the defendants was guilty of any contempt of court; but that their conduct was in every way exemplary, and

there was no reason for the exclusion of the defendant S. E. Haas, except that she was expected to testify upon the trial of the action. And this ruling of the court presents the only question in the record for our consideration.

The provision of law under which the court made the order in question is as follows: " Sec. 821: If either party require it, the judge may exclude from the court room any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses." (Civil Code, p. 273, Sec. 821.) Does this section authorize the exclusion from the court room of a party to a suit, during the time the witnesses of the adverse party are testifying, at any time during the trial of his cause? It seems to me that it does not. The very right to prosecute a suit in court and to appear therein as a party, carries with it, as a necessary incident, the further right to be present during the trial; and, since parties are rendered competent to testify as witnesses if necessary, and the like right attaches to a defendant who is summoned into court to answer the complaint of his adversary—the rights of both parties are equal in this respect. This is a right that the parties may and do waive, by omitting or neglecting to attend upon the sitting of the court at the proper time; but they cannot be deprived of it by the court against their will, when they are present, endeavoring to maintain it.

In *Tift* v. *Jones*, 52 Ga. 538, the Supreme Court of that state considered the question. In that state the statute provided that: " In all cases, either party has the right to have the witnesses of the other examined out of hearing of each other. The court will take proper care to effect this object as far as practicable and convenient, but any irregularity shall not exclude the witness." The court said: " When the court under the provision of law directs a separate examination of the witnesses, and the party intends to be a witness for himself, it would be a proper rule that such party should be first examined— unless there be reasons to the contrary—in the absence of his other witnesses. This would preserve his right to be present in the court during the whole trial of his case. His

testimony might be with reference to some point, or of such character, that it would not be fairly intelligible to the jury unless other evidence with which it was connected had been heard." This authority recognizes the right of a party to be present in the court during the whole trial of his case.

In *Crowe* v. *Peters*, 63 Mo. 429, the right of a party to be present in court during the trial of his case is maintained. The facts and rulings are as follows : " Upon trial, a young woman who was a niece of the defendant was upon examination as a witness for plaintiff, and, in the course of her examination, was asked some questions in relation to the condition she found Erb in, when she visited the defendant about three weeks before he died ; and her answer not being satisfactory to the plaintiff's counsel, it was suggested to the court that she was intimidated by the looks and gestures of the defendant, and therefore the court was requested to order the defendant to leave the room until her examination was ended. This request was granted, and the defendant was ordered to leave the room, which he did. Exceptions were taken to this order, and this is one of the points insisted on here. The defendant had the right to be present at the examination of witnesses against him." And the court adds : " The defendant could not very well suggest explanations to be elicited by cross-examination, unless allowed to be present at the examination in chief."

*Larue* v. *Russell*, 26 Ind. 386, is a case very much like the one before the court. The trial court there ruled that the plaintiff should go out of the court room, and remain out until he was examined as a rebutting witness. Touching this ruling the Supreme Court of that state remarked : " This proceeding is probably without a precedent. The right of a party litigant to be present during the trial of his cause, that he may be heard in his own behalf, has been so long accorded by universal custom, and it is so obviously necessary to the security of private rights, that the refusal to entertain the cause at all would scarcely be a greater error than the denial of the privilege. Besides, it is secured by plain and positive statute." *Couch* v. *Ryan*, 66 Ala. 244, announces the same rule. (*Ches-*

*ter* v. *Brown*, 55 Cal. 46.)   Our attention has not been called to any satisfactory authority holding the other way.

Ordinarily the trial court is the better judge of what is necessary to the proper trial of a cause pending before it, than this court.   The facts must be there developed in such manner as to insure, as far as possible, the complete administration of justice; and it is only where some right of a party is denied, that we would feel disposed to interfere.   The court which tries a cause must, in the nature of things, be vested with a large discretion over the parties, their attorneys and the witnesses, and the orderly conduct of the trial requires this; but it does not extend to the exclusion of a party from the court room during the trial of his cause.

*Watts* v. *Holland*, 56 Texas, 54, has been cited by the respondent.   That case does not go to the extent of authorizing the exclusion of a party; it is confined entirely to the power of the court over the witnesses during the trial—a doctrine to which we readily accede.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All concur.