UNION MUTUAL LIFE INSURANCE COM-
PANY, a corporation of the State
of Maine, Plaintiff,

v.

Frederick W. DEWEY, and Delaware State
News, Inc., a corporation of the State of
Delaware, Defendants and Cross-Claim-
ants,

v.

Grover A. BIDDLE, Cross-Claimee.

Superior Court of Delaware,
New Castle.

July 28, 1970.

Ralph F. Keil (of Keil & Keil), Wilming-
ton, for plaintiff.

Steven Rothschild (of Prickett, Ward,
Burt & Sanders), Wilmington, for cross-
claimee.

STIFTEL, President Judge.

The issue is whether there should be
separate trials. The movant claims that
Union's action for declaratory judgment
against Delaware State News, Inc. and
Frederick W. Dewey, the employee, involves
only an issue of "coverage" under the con-
tract of insurance with News. On the other
hand, he claims that the action on the cross-
claim against Biddle by the defendants is in
the nature of an action for "negligent mis-
representation".

The decision for separate trials lies in the
discretion of the Court.[1] Container Co. v.
Carpenter Container Corp., 9 F.R.D. 89
(D.C.Del.1949). Should I exercise that dis-
cretion in favor of separate trials? I think
not. This is why:

Paragraph 7 of the News and Dewey an-
swer admits paragraph 7 of Union's com-
plaint but suggests an agreement for cov-
erage nevertheless because of statements
made by people involved during the contract
negotiations. Technically, then, the de-
claratory judgment matter goes beyond
simple construction of contract language.
As a consequence, it is reasonable to con-
template that several witnesses, such as
Fullerton, Biddle, Milbier, Smyth, Beech
and Sidell, may testify. On the issue of
coverage, regardless of the language of the

---

1. Rule 42(b) of the Superior Court Civil
Rules, Del.C.Ann., reads as follows:
   "(b) Separate trials. The court, in
furtherance of convenience or to avoid
prejudice, or when separate trials will be
conducive to expedition and economy, may
order a separate trial of any claim, cross-
claim, counterclaim, or third-party claim,
or of any separate issue or of any number
of claims, cross-claims, counterclaims,
third-party claims or issues * * *".

contract, it is likely that these same witnesses may testify in the cross-claim against Biddle for negligent misrepresentation. Consequently, many of the same facts would be brought out in both cases by the same witnesses. Also, documents in both cases would be the same.

Separation of the cases for trial would require duplication, double expense and would not be conducive to the expedition of the trial and economy.

Motion for separate trials denied.

It is so ordered.