Argued June 5, demurrer overruled; peremptory writ to
issue September 8, 1972

STATE ex rel PERRY, *Relator, v.*
SAWYER, *Defendant.*
500 P2d 1052

*William V. Deatherage,* Medford, argued the cause for relator. On the brief were Frohnmayer & Deatherage, Medford.

*William G. Carter,* Medford, argued the cause for defendant. With him on the brief was William A. Mansfield, Medford.

HOWELL, J.

This is an original proceeding in mandamus to require the defendant, a circuit judge in Jackson county, to set aside an order requiring separate trials on the issues of liability and damages in a personal injury case. We issued an alternative writ, and the defendant has filed a demurrer to the writ.

The sole question presented is whether the defendant trial judge has authority in this case to order separate trials. The question is one of first impression in this state.

The plaintiff in the personal injury case, Betty McLean, filed a motion supported by an affidavit requesting separate trials in her case against the defendant, William D. Perry. In her affidavit she stated:

"THAT the trial of the issue of damages would require the calling of at least two, and possibly several more, medical witnesses at great cost to plaintiff and at inconvenience to the witnesses and all parties, and that it would be in the best interest of all parties to first determine the issue of liability of Defendant."

The defendant resisted plaintiff's motion, and

when the trial court ordered separate trials, he petitioned this court for a writ of mandamus.

We have no statutes which allow or disallow bifurcated trials on the issues of liability and damages.

In other jurisdictions, the power to order or conduct separate trials on the issues of liability and damages has been held to exist under a statute or a rule of court. Annot., Tort—Separate Trial of Issues, 85 ALR2d 9, 12. The aim of such statutes or rules was to attempt to relieve congestion in the courts.

Whether bifurcated trials would have such result or would increase congestion by having two trials before two juries has been the subject of substantial debate. Miner, "Court Congestion: A New Approach," 45 ABAJ 1265; Brault, "Should the Issues of Liability and of Damages in Tort Cases be Separated for the Purpose of Trial," Ins L J 798 (1960); Bifurcation of Jury Trials, 14 Vand L Rev 831, 845.

The federal courts have adopted a rule, 42 (b) of the Federal Rules of Civil Procedure, which allows the court to order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Nevertheless, even under the federal rule "the courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary" for the reason that "a single trial generally tends to lessen the delay, expense and inconvenience to all concerned." 5 Moore's Federal Practice 1211, § 42.03 (2nd ed 1968).

In Texas, which has adopted a rule identical to Federal Rule 42 (b), the supreme court of that state has held that the rule, "while broad and realistic," did not

"authorize separate trials of liability and damage issues in personal injury litigations." *Iley v. Hughes,* 158 Tex 362, 311 SW2d 648, 85 ALR2d 1 (1958); *accord Eubanks v. Winn,* 420 SW2d 698 (Tex 1967).

In order to justify a separate trial on the issue of liability, "it must appear that it is separate and distinct from the issue as to damages, that such prior trial will not operate to the prejudice of a party to the action, and that it will expedite the litigation or lessen the cost thereof." Annot., 85 ALR2d, supra at 13.

Generally, the courts, both state and federal, have refused to authorize separate trials on liability and damages in personal injury litigation, absent some exceptional circumstances. Note, "Separate Trials on Liability and Damages in 'Routine Cases': A Legal Analysis," 46 Minn L Rev 1059, 1065-66; 14 Vand L Rev, supra at 845; Annot., 85 ALR2d, supra at 14.

In reversing the lower court's allowance of separate trials on the issues of liability and damages, the court in *Culley v. City of New York,* 25 AD2d 519, 267 NYS2d 282 (1966), stated:

"[W]here the nature of the plaintiff's injuries has an important bearing on the issue of liability, a separate trial should not be ordered."

The United States Court of Appeals, Seventh Circuit, commented on the federal rule with approval in *Hosie v. Chicago and North Western Railway Company,* 282 F2d 639 (7th Cir 1960). However, in regard to its application to personal injury cases, the court stated:

"It is important that the rule permitting the severance of issues be carefully administered. It

is almost certain that cases will come before the court where a question as to the injuries has an important bearing on the question of liability."

■■ We need not decide whether the trial court has the power to order separate trials on the issues of liability and damages in the absence of a statute similar to Rule 42 (b).[1] We do conclude, however, that the trial judge had no discretion to order separate trials in the instant case. As we have pointed out, bifurcation of the issues of liability and damages, even in those jurisdictions where it is allowed by statute or rule, should be allowed only in exceptional cases where the movant has shown that it is clearly necessary to expedite the litigation, lessen costs, and, more importantly, that liability be separate and apart from the issues of damages.

Such showing is completely lacking in the instant case. The movant for separate trials in the personal injury case stated only that trial of the damage issue "would require the calling of at least two, and possibly several more, medical witnesses at great cost to plaintiff and at the inconvenience to the witnesses and all parties." There is nothing unusual about the calling of two or more medical witnesses in a personal injury case and obviously they will be paid for their services. Additionally, the fact that the plaintiff in the personal injury case may be required to call witnesses to support the allegations of damages and then have the

---

[1] Louisiana has held that in the absence of a statute, the trial court has no authority to separate the issues of liability and damages. Maryland Casualty Co. v. Gulf Refining Company, 95 So 2d 734 (La App 1957); Leteff v. Maryland Casualty Co., 82 So 2d 80 (La App 1955); contra, F & B Ceco, Inc. of Florida v. Galaxy Studios, Inc., 216 So 2d 75 (Fla App 1968). (In Ceco the defendant agreed to separate trials.)

jury find for the defendant is a risk common to all plaintiffs in personal injury cases.

There is another important reason why the court erred in allowing separate trials in the instant case. In addition to the failure of the plaintiff to show any valid reason for separate trials, the defendant's affidavit affirmatively showed that a close relationship existed between liability and damages.

The petition for the writ alleged that the plaintiff in the personal injury action was seeking damages for personal injury "and aggravation of a pre-existing emotional condition allegedly sustained in a motor vehicle accident." The affidavit submitted in opposition to the request for separate trials stated:

> "That the medical issues involved in this proceeding also affect the issues of liability, that is, the credibility of the witnesses and particularly the plaintiff. That the plaintiff has contended that she suffered some neurosis or emotional disturbance. That the emotional instability of plaintiff is also important as to whether or not she is a credible witness. That defendant would be required to call plaintiff's doctors and his doctor to show that plaintiff exaggerates the facts."

Under these circumstances, plaintiff's emotional instability is important, not only regarding the extent of her injuries, but also concerning the question of liability.

We recognize that mandamus will not lie to control the judicial discretion of a trial court. However, the movant in the personal injury action did not submit any grounds calling for the trial court to exercise its discretion, i.e., convenience, to avoid prejudice, to expedite the litigation, or to avoid cost. On the contrary,

the affidavit of the defendant in the personal injury action affirmatively showed that the issues of liability and damages were not separate and apart from one another. Under these circumstances, the trial judge had no discretion to exercise in the first instance.

The demurrer to the alternative writ is overruled, and a peremptory writ will issue requiring the trial court to set aside the order allowing separate trials.