**Milton L. RANDOLPH et al., Plaintiffs,**

**v.**

**John James SCOTT, Defendant.**

Superior Court of Delaware,
New Castle.

May 7, 1975.

F. Alton Tybout, Tybout, Redfearn & Schnee, Wilmington, for plaintiffs.

Morton Richard Kimmel, Kimmel, Spiller & Bradley, P.A., Wilmington, for defendant.

OPINION

O'HARA, Justice.

On June 9, 1974, plaintiff, Milton L. Randolph, while riding his bicycle on Route 7, New Castle County, was involved in an accident with a motor vehicle operated by defendant. Plaintiff allegedly sustained severe injuries as a result of the accident, and he has instituted suit in this Court to recover therefor.

The defendant has moved for separate trials on the issues of liability and damages, pursuant to Superior Court Civil Rule 42 (b) Del.C.Ann., which provides:

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Defendant proffers two reasons in support of his motion. He contends that there is "overwhelming" evidence on the record to demonstrate contributory negligence on the part of the plaintiff. Accordingly, defendant asserts, the case will, in all likelihood, be disposed of on the issue of liability, and therefore, expedience and economy warrant separate trials. Secondly, in defendant's estimation, prejudice to him by virtue of the jury's being sympathetically swayed by the plaintiff's extensive injuries would be avoided with separate trials. Plaintiff, on the other hand, contends that, notwithstanding the substantial injuries he has incurred, this action is a routine negligence suit and that separate trials are not warranted.

The theories advanced by defendant in support of a bifurcated trial are not devoid of merit. Statistical evidence exists which would suggest that routine separation of liability issues from damages in personal injury suits may save a significant amount of time. See Zeisel and Callahan, "Split Trials and Time Saving: A Statistical Analysis", 76 Harv.L.Rev. 1606, 1619 (1963). Additionally, the possibility of sympathy toward a plaintiff due to his injuries entering into a jury's decision on liability could be decreased by a bifurcated trial. See 9 Wright & Miller, Federal Practice and Procedure, § 2390. However, such a change in the jury trial will, at least by hypothesis, make it more difficult for a party to obtain a legal remedy, and,

therefore, the desirability of a departure from the traditional jury trial is questionable. See Weinstein, "Routine Bifurcation of Jury Negligence Trials: An Example of the Questionable Use of Rule Making Power", 14 Vand.L.Rev. 831 (1961). Moreover, not infrequently, cases appear before the courts where the issues of damages and liability are so interwoven that virtually identical evidence will be offered at both trials, resulting in needless duplication of effort and loss of time. Cf. Hosie v. Chicago and North Western Railway Company, 7th Cir., 282 F.2d 639 (1960), cert. denied 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693; Brown v. General Motors Corporation, 67 Wash.2d 278, 407 P.2d 461 (1965); State ex rel. Perry v. Sawyer, 262 Or. 610, 500 P.2d 1052 (1972); See also "Original Separate Trials on Issues of Damages and Liability", 48 Va.L.Rev. 99 (1962).

The drafters of Rule 42(b), as amended, of the Federal Rules of Civil Procedure, after which the Delaware Rule is patterned, did not envision a routine separation of liability and damages in personal injury suits. See 5 Moore, Federal Practice, § 42.01; 14 Vand.L.Rev., supra, at 845. In fact, the Advisory Committee on Civil Rules explicitly opines that bifurcation under Rule 42(b), "is not to be routinely ordered". See Wright & Miller, supra, § 2390; Moore, supra, § 42.01.

In compliance with this advice, various courts have manifested the belief that a motion for separate trials of liability and damages in negligence suits should be carefully considered and sparingly granted. See Moss v. Associated Transport, Inc., 6th Cir., 344 F.2d 23 (1965); Bowen v. Manuel, Fla.App., 144 So.2d 341 (1962); Hosie v. Chicago and North Western Railway Company, supra. See generally, Anno. 85 A.L.R.2d 9, § 3–4; Note, "Separate Trials on Liability and Damages in 'Routine Cases': A Legal Analysis", 46 Minn.L.Rev. 1059 (1962) This Court concurs with that principle.

Certain situations are generally more conducive to bifurcation. One instance is multi-party litigation where many plaintiffs are joined and there is an issue of liability common to all of them but damages differ for each party. See 14 Vand.L.Rev., supra, at 840. Likewise, cases containing diverse claims, such as permissive counterclaims, which are unrelated to the principal cause of action may warrant separation under Rule 42(b). See Moore, supra, § 42.03. Indeed, even the sheer number of witnesses who will testify on a complex issue of damages may render a suit conducive to bifurcation. See Bvocik v. The Firestone Tire & Rubber Company, D.C.Wis., 277 F.Supp. 210 (1967).

■ Upon examination of the record in the instant case, the Court concludes that the circumstances here present do not warrant the invocation of the extraordinary provision for separate trials pursuant to Rule 42(b). Relatively few witnesses are involved. Among them, plaintiff, Milton L. Randolph, will, no doubt, have to testify at length on both the issues of liability and damages. His testimony on the injuries allegedly sustained could indeed shed some light on the liability issue. More importantly, however, the depositions forming a part of the record demonstrate the nebulosity surrounding the exact circumstances of the accident. Evidence of plaintiff's contributory negligence is not as overwhelming as defendant suggests. Defendant's contention that certain letters [1] written by plaintiff's counsel to defendant's insurance company constitute a tacit concession by counsel that defendant's liability herein is doubtful is indeed unpersuasive.

In the final analysis, having concluded that routine bifurcation in negligence suits is not appropriate, the decision regarding separate trials is within the discretion of the trial court. Union Mutual Life Insurance Co. v. Dewey, Del.Super., 270 A.2d 833 (1970). The Court declines to exercise that discretion in this case.

For the reasons herein discussed, defendant's motion for separate trials should be denied.

It is so ordered.

---

[1]. In a letter dated October 10, 1974, plaintiff's counsel states:

"[I]n view of the liability questions, I must plan to proceed with the filing of suit in the near future so that I may use the subpoena power to take depositions on the liability issues."

In a letter dated October 15, 1974, plaintiff's counsel states:

"As I mentioned to you in my letter of October 10, concerning this case because

of the magnitude of the plaintiff's injuries, it is clear that it is necessary to take the depositions of the defendant and Simon Scott and the investigating police officer and get the results of whatever investigations may have been conducted and then presumably we can review the file to determine whether there appears to be a valid cause of action and any area for settlement."