Argued and submitted December 7, 1981, dismissed February 10, 1982

## STATE OF OREGON,
*Respondent on Review,*
*v.*
## MICHAEL EDWARD BLAKE,
*Petitioner on Review.*

(No. 79-7-322, CA 17577, SC 28134)

640 P2d 605

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition for review and brief was Gary Babcock, Public Defender, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the brief were James H. Brown, Attorney General, John R.

McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

DENECKE, C. J.

Lent, J., filed a dissenting opinion.

## DENECKE, C. J.

We granted defendant's petition for review to determine whether a portion of Oregon's Rape Shield Law (ORS 163.475) violated Section 10, Art I, of the Oregon Constitution, which provides: "No court shall be secret, but justice shall be administered, openly * * *," and Section 11 which provides that the accused has the right to a public trial. ORS 163.475, as it existed at the time of the trial of this case, provided that in a rape prosecution, if the defendant desired to introduce evidence of the alleged victim's previous sexual conduct, the defendant must request a pretrial hearing at which the court would decide what, if any, of such evidence would be admitted at the trial. The statute provided that such hearing would be held "out of the presence of the jury and the public." A majority of the Court of Appeals held the statute valid. 53 Or App 906, 633 P2d 831 (1981).

The defendant, who was charged with rape, requested a pretrial hearing to determine what evidence of the alleged victim's previous sexual conduct would be admissible at trial. Pursuant to the statute, and over the objection of the defendant, the trial court excluded everyone from the hearing except court officers, witnesses, including the alleged victim, the attorneys and the defendant. The defendant was subsequently convicted; he appealed and assigned as error the exclusion of the public from the pretrial hearing.

Subsequent to the trial of this case, the Oregon Legislature, in enacting a code of evidence, changed the Rape Shield Law. We were not aware of this amendment when the petition for review was granted or oral argument was heard. Rule 412 of the Oregon Evidence Code now provides that the pretrial hearing at which the trial court determines what, if any, evidence of the alleged victim's previous sexual conduct will be admissible at the trial, shall be held "in chambers"; no mention is made of excluding the public.

"In chambers" is not a phrase that has a precise legal meaning as regards what persons are entitled to be present. We know from experience, however, a hearing "in chambers" is not always in practice one at which everyone

except the judge, court officers, the parties, the attorneys, and perhaps the witness is necessarily excluded. When we are required to apply the phrase "in chambers" it will be necessary to judicially construe the phrase.

When faced with a constitutional challenge to a statute, we "choose between alternative constructions of an uncertain text the one that avoids serious constitutional difficulty." *Tharalson v. State Dept. of Revenue,* 281 Or 9, 13, 573 P2d 298 (1978). We cannot now say that the phrase "in chambers" is not open to a construction that avoids the "serious constitutional difficulty" which was the subject of *State ex rel Oregonian Publishing Co. v. Deiz,* 289 Or 277, 613 P2d 23 (1980), in which we outlined the access necessary in judicial proceedings in order to comply with Art I, § 10 of the Oregon Constitution.

Construction of "in chambers" is not the issue in this case, and the challenge to an application of Rule 412 would not necessarily be the identical attack that is made on the statute applicable in this case. Under these circumstances, usually we do not grant a petition for review or we dismiss the proceeding after review was granted when we become aware of the new statute. We did so recently in *Housing Council v. City of Lake Oswego,* 291 Or 878, 635 P2d 647 (1981). For an example of the procedure of the United States Supreme Court in a somewhat similar situation, see *Hall v. Beal,* 396 US 45, 90 S Ct 200, 24 L Ed2d 214 (1969).

Despite the change in the statute, if it appeared likely that the defendant had been prejudiced by the application of a statute which was arguably unconstitutional, we might, nevertheless, grant review or retain the case although the statute had been changed. Defendant does not contend any additional or different evidence would have been introduced if the hearing had been public or that the trial court at trial erred in excluding any evidence concerning the victim's previous sexual conduct.

For these reasons the proceeding is dismissed.

**LENT, J.,** dissenting.

I dissent from the action of the court in dismissing this case. I express no opinion on the merits.

The majority dismisses this proceeding because it finds that the shield law has been changed and there is therefore no need for this court, as a review court, to consider whether the former statute is unconstitutional. The majority takes the position that the change is so great that a decision by this court on the language of the former statute would not control with respect to the new language. I simply disagree.

The old language required that the hearing be held "out of the presence of the jury and the public." The new language requires the hearing to be held "in chambers" and that language is found in Rule 412 of the new Oregon Evidence Code. The new code is accompanied by an "official" commentary prepared for and approved by the House Judiciary Committee and the Senate Justice Committee of the 1981 Legislative Assembly. There is nothing in that commentary to indicate that the legislative body thought it was changing the law with respect to excluding the public from the hearing. The commentary explicitly advises us that the hearing in chambers means a hearing *"in camera."* West Publishing Company's Revised Fourth Edition of Black's Law Dictionary says that "in camera" means:

> "In chambers; in private. A cause is said to be heard *in camera* either when the hearing is had before the judge in his private room or when all spectators are excluded from the courtroom."

It is seen that neither by the language of the rule nor by the official explanation is there any indication that the legislature meant to change the law so as to rid it of any possible conflict with Or Const, Art I, §§ 10 and 11. The new language presents neither more nor less possible conflict with the constitutional prohibition against secret courts and constitutional requirements that justice be administered openly and that an accused be afforded a public trial.

I believe we should not terminate consideration of the important issues raised on this review, issues upon which the Court of Appeals divided, but should resolve those issues now in the case at hand.

I would add one final thought. The majority finds that the change in language makes this an inappropriate case for our consideration of the constitutional challenge to

the kind of hearing specified by the law. Nevertheless, the majority then touches upon the merits by stating that it does not appear likely that this defendant has been prejudiced by reason of exclusion of the public and the holding of a secret court and further states that the defendant is not able to point to any evidence that would have been introduced had the hearing been public. Of course, the defendant contended that one of the purposes of making a trial open to the public and prohibiting secrecy is to allow for the fact that persons who may have knowledge of relevant evidence will learn of the controversy and come forward. In any given case that might benefit either the prosecution or the defense. Certainly, a party to litigation cannot demonstrate that such evidence exists if it is undiscovered because the potential witness who possessed it had no reason to learn of its need. I do not think it fitting for the majority to publish its last paragraph concerning what appears to be matter going to the merits while at the same time refusing to consider the constitutional challenge. If the matters which the majority discusses in its last paragraph are sufficient to dispose of this case, the conviction should be affirmed on that basis and not by dismissing the proceeding.

Tanzer and Campbell, JJ., join in this opinion.