Argued and submitted October 12, 1981, reversed and
remanded for new trial June 23, 1982

STATE OF OREGON,
*Respondent,*
*v.*
JAMES WAYNE BOWERS,
Appellant.
(No. 122,833, CA A21069)

646 P2d 1354

David E. Groom, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

Christian W. Van Dyke, Marion County District
Attorney, Salem, argued the cause for respondent. With
him on the brief were Dave Frohnmayer, Attorney General,
William F. Gary, Solicitor General, and Stephen F. Peifer,
Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Warden and Warren,
Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals his conviction for rape in the first degree. ORS 163.375. The alleged victim was defendant's 11-year-old daughter. Before any witnesses were called, the prosecutor moved to exclude the public from the courtroom during the victim's testimony, saying: "We are dealing with an 11-year-old girl talking about this matter, and the fewer people she has to confront with this, the better." Defendant objected, but the motion was allowed. The victim was the first witness.

The state acknowledges "the strong position in favor of a defendant's personal right to a public trial," *see* *In Re Oliver,* 333 US 257, 68 S Ct 499, 92 L Ed 682 (1948); *State v. Osborne,* 54 Or 289, 103 P 62 (1909), but asserts that "it is equally true that '[t]he right to a public trial is not absolute,'" citing *State v. Lehnherr,* 30 Or App 1033, 569 P2d 54 (1977). In *State v. Blake,* 53 Or App 906, 633 P2d 831, *rev allowed* 291 Or 893 (1981), *rev dismissed* 292 Or 486, 640 P2d 605 (1982), which involved the constitutionality of excluding the public from a hearing held to determine the admissibility of evidence regarding a sex crime victim's previous sexual conduct under former ORS 163.475(1),[1] the lead opinion pointed out that "the protection of the privacy of a sex crime victim is a justifiable concern of the legislature." Further, the procedure under that statute involved a "period of public exclusion [that] is narrowly circumscribed and does not exceed the scope necessary to achieve its legitimate legislative purpose." 53 Or App at 918.

The opinion proceeded:

"Under the Oregon rape shield statute, defendant's right to a public trial is not infringed upon impermissibly. The hearing is a preliminary one and is conducted only to exclude from the trial that which is irrelevant to the proceeding. * * * That which is relevant will be heard in the public trial. In the *in camera* hearing, a record may be made permitting appellate review of any errors made on the question of admissibility. * * * The defendant is thus insured that he will ultimately have the use of all relevant evidence of the victim's prior sexual conduct in a full

[1] Replaced by OEC 402.

public trial. This is all that he is entitled to under Article I, section 11, of the Oregon Constitution. * * * The minimal inconvenience to the defendant is, on the other hand, greatly overbalanced by the protection of the rape victim from herself being 'placed on trial' as to matters not helpful or relevant to the defendant's legitimate defenses, and as to which matters neither the jury nor the public has a proper concern to hear during the course of the defendant's trial." 53 Or App at 919-20.

Unfortunately, the Supreme Court, by dismissing the grant of review in *Blake,* missed the opportunity to discuss the continuing vitality of *State v. Osborne, supra,* and the limits of a defendant's right to a public trial, in the light of the rights of the public to access to trials that it had discussed in *State ex rel Oregonian Pub. Co. v. Deiz,* 289 Or 277, 613 P2d 23 (1980). Underlying the language quoted from the lead opinion in *Blake* is the basic concept that a defendant has an overriding right to have the state's case against him presented publicly, unless the state makes a substantial showing of a need to limit that right. No such showing was made here, and the exclusion of spectators was error. In *State v. Osborne, supra,* the court said:

"We do not doubt but that in the case before us the court as well as the district attorney acted with the best of motives, having in view that the trial would move along more agreeably without the presence of spectators, and with equally as much fairness to all concerned as with them, and that in anticipation of the language usually incident to such cases the public would fare better outside of the courtroom than if present; but whatever may have been the purpose, whether out of respect for the public in this particular case, or whether for the purpose, as suggested by the language used by the state's counsel in his request, that with a closed-door session 'we can get at it better,' or otherwise, it must be conclusively presumed by this innovation to be prejudicial to appellant's rights, by reason of which a reversal becomes necessary." 54 Or at 299.

That is still the law.

Reversed and remanded for a new trial.[2]

---

[2] The state concedes that the trial court erred in admitting hearsay testimony about the victim's statements to a friend. The other assignment relates to a matter that can be fully considered on the retrial.