Argued and submitted April 6, reversed and remanded to circuit court July 13, petition for rehearing denied August 24, 1982

In the Matter of the Marriage of
LESON,
*Respondent on review,*
*and*
LESON,
*Petitioner on review.*

(TC 75-378-E, CA A20554, SC 28335)
648 P2d 55

Lynn M. Myrick, Grants Pass, argued the cause for petitioner on review. On the brief was Donald H. Coulter and Myrick, Coulter, Seagraves & Myrick, Grants Pass.

Benjamin E. Freudenberg, Grants Pass, argued the cause for respondent on review. With him on the brief was Balderee, Killoran, Nelson & Freudenberg, Grants Pass.

Walter L. Cauble and Schultz, Salisbury & Cauble, Grants Pass, attorneys for the child, Shawn Leson, made no appearance in this court.

LINDE, J.

**LINDE, J.**

Petitioner appealed from an order modifying a custody provision of a divorce decree. Custody of the couple's son had originally been placed with the mother but later had been changed to petitioner, the father. On the mother's motion, the circuit court again modified the decree in the present proceeding so as to return custody to the mother. Petitioner appealed on a number of grounds, among them that he was excluded from the proceedings, over his objection, when the trial court took the child's testimony. The Court of Appeals affirmed without opinion, and we allowed review to consider the propriety of the procedure. We find it unauthorized and therefore reverse.

At the time of the hearing, ORS 44.030, since repealed, allowed a court to determine the ability of a child under 10 years of age to know and tell the truth "publicly or separate and apart with counsel present." But this procedure was limited to determining a child's capacity to testify. There is no comparable authority to exclude parties to an action in order to take evidence on the merits in their absence. This court established the contrary principle almost a century ago. *Schneider v. Haas,* 14 Or 174, 12 P 236 (1886), when it interpreted a statute that allowed the exclusion of a witness not to apply to parties:

> "The very right to prosecute a suit in court and to appear therein as a party, carries with it, as a necessary incident, the further right to be present during the trial; and, since parties are rendered competent to testify as witnesses if necessary, and the like right attaches to a defendant who is summoned into court to answer the complaint of his adversary—the rights of both parties are equal in this respect. This is a right that the parties may and do waive, by omitting or neglecting to attend upon the sitting of the court at the proper time; but they cannot be deprived of it by the court against their will, when they are present, endeavoring to maintain it."

The court quoted similar decisions in other states. 14 Or at 175. The same principle governs this case.[1]

---

[1] We also asked the parties to address this question:

"Apart from *Schneider v. Haas,* 14 Or 174 (1887), does Or Const art I, § 10 bear on the decision in this case? *See State ex rel Oregonian v. Deiz,* 289 Or 277, 613 P2d 23 (1980), *State v. Blake,* 292 Or 486, 640 P2d 605 (1982)."

Petitioner also claims that the court committed error in not making the findings required by ORCP 62.[2] Respondent claims that the error was waived. Because we reverse on the first issue discussed above, findings can be requested and made on remand, and there is no need to pursue the issue now.

Reversed and remanded to the circuit court.

---

The first of these decisions invalidated a statute providing for closed hearings in juvenile cases. The second, *State v. Blake,* involved the validity of a statute excluding the public from pretrial hearings in prosecutions for rape. We dismissed that case after we learned that the statute had been superseded. 292 Or 486, 640 P2d 605.

In each of those cases there was statutory authority for the judge's action. We find no such authority for excluding parties from a part of a trial. When a court is not authorized to close a proceeding to the participants or the public, there is no need to reach a constitutional question. The rule stated in *Schneider v. Haas* is sufficient to decide this case.

[2] ORCP 62(A):

"*Necessity.* Whenever any party appearing in a civil action tried by the court so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon. In the absence of such a demand for special findings, the court may make either general or special findings. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact or conclusions of law appear therein."