Ross MacKAY
and Cynthia MacKay,
*Appellants,*

*v.*

ST. CHARLES MEDICAL CENTER,
Northwest Medical Physics Center,
Sean P. McGreevey and Thomas Comerford, M.D.,
*Respondents.*

(88-CV-0269 WE; CA A60503 (Control))

Reba BERRY
and Steve Berry,
*Appellants,*

*v.*

ST. CHARLES MEDICAL CENTER,
Northwest Medical Physics Center,
Sean P. McGreevey and Thomas Comerford, M.D.,
*Respondents.*

(88-CV-0151 WE; CA A60509)

George HUBBELL
and Maude Hubbell,
*Appellants,*

*v.*

ST. CHARLES MEDICAL CENTER,
Northwest Medical Physics Center,
Sean P. McGreevey and Thomas Comerford, M.D.,
*Respondents.*

(87-CV-0133 JC; CA A60510)

Wallace E. ARMSTRONG
and Carolyn Armstrong,
*Appellants,*

*v.*

ST. CHARLES MEDICAL CENTER,
Northwest Medical Physics Center,
Sean P. McGreevey and Thomas Comerford, M.D.,
*Respondents.*

(88-CV-0266 MS; CA A60511)

Jean F. JENKINS,
individually and as Personal Representative of
the Estate of Robert Jenkins,
*Appellants,*

*v.*

ST. CHARLES MEDICAL CENTER,
Northwest Medical Physics Center,
Sean P. McGreevey and Thomas Comerford, M.D.,
*Respondents.*

(88-CV-0193 TM; CA A60512)

Joan CARLSON,
Personal Representative of
the Estate of Carl A. Albrecht, Deceased;
E. Bernice Allen,
Personal Representative of
Richardson LeRoy Allen, Deceased,
and E. Bernice Allen;
Carol Thompson,
Personal Representative of the Estate of
Carl Amonson, and Genevieve Amonson et al,
*Appellants,*

*v.*

ST. CHARLES MEDICAL CENTER,
Northwest Medical Physics Center,
Sean P. McGreevey and Thomas Comerford, M.D.,
*Respondents.*

(88-CV-0263 MS; CA A60513)
(Cases Consolidated)
804 P2d 1192

Mike Kilpatrick and Roy Kilpatrick, Mt. Vernon, argued the cause for appellants. With Mike Kilpatrick on the briefs was Kilpatricks, Mt. Vernon.

Lann D. Leslie, Eugene, argued the cause for respondent St. Charles Medical Center. With him on the brief was Atherly, Butler & Burgott, Eugene.

G. Kenneth Shiroishi, Bend, argued the cause for respondent Northwest Medical Physics Center. With him on the brief were Robert L. Nash and Dunn, Carney, Allen, Higgins & Tongue, Bend.

Mildred J. Carmack, Portland, argued the cause for respondent Sean P. McGreevey. With her on the brief were Mark H. Wagner, Joyce A. Hyne and Schwabe, Williamson & Wyatt, Portland.

No appearance for respondent Thomas Comerford, M.D.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs in these consolidated actions were patients or are the personal representatives or spouses of patients who received radiation treatment for cancer at defendant St. Charles Medical Center (hospital). Defendant Comerford is a radiation oncologist who administered radiation treatments at the hospital. Defendants Northwest Medical Physics Center and McGreevey (defendants) provided medical physicist services to the hospital between 1982 and 1986. It was defendants' responsibility to calibrate and make routine checks of the calibration of the hospital's radiation treatment machinery. Because defendants miscalibrated the machines, many patients, plaintiffs among them, received 14 percent more radiation than the prescribed amounts when they were treated at the hospital.

The calibration of the machines entails, among other things, a determination of and adjustments for barometric pressure. The barometric pressure at any time varies with the elevation of the location where it is measured. Defendants did not know the elevation of the hospital. One of the methods that they followed to ascertain the barometric pressure was to call the local airport and ask for the station pressure. Although "station pressure" refers to the actual pressure at the location of the measurement, airport personnel gave defendants a pressure reading that was corrected to sea level, which corresponds to the reading used in setting aircraft altimeters. The airport itself, and the hospital, are located approximately 1,000 meters above sea level.

Because of the many parties and issues in the case, the trial court and some of the parties proposed to segregate for trial the single issue of whether defendants were negligent in connection with the miscalibration of the machines. The reason was that some of the other issues might be affected or resolved by the answer to that question. It was also proposed that the parties agree to be bound by the jury's verdict on the question, for purposes of the trial of the other issues. The parties agreed. However, hospital conditioned its agreement on its right to participate in the segregated trial, unless plaintiffs agreed not to assert a theory of vicarious liability against it on the basis of any negligence by defendants. Plaintiffs did not agree to that and, over their objection, the court allowed hospital to participate. *See* note 1, *infra*.

At trial, plaintiffs proceeded on the theory that defendants were negligent in not ascertaining the correct elevation and barometric pressure and in failing to make further inquiry about the data that they received from the airport. Defendants' factual theory was that they used a proper method to obtain the data, asked the right question, received the wrong answer and therefore were not themselves negligent. The court submitted the issues and limitations with this instruction to the jury:

> "The sole issue for you to decide in this case is whether the miscalibration was negligence on the part of the Defendants. The burden of proof in this case is on the Plaintiffs to prove by a preponderance of the evidence the miscalibration resulted from the negligence of Defendants. Plaintiffs have specifically charged that both Defendants, Northwest Medical Physics and Mr. McGreevey, were negligent in the following particulars:

> "One, in failing to determine the correct barometric pressure for the location of the machines;

> "Two, in failing to discover the miscalibration of the machines. As to Defendant McGreevey, Plaintiff has alleged in regards to him specifically an additional element of negligence; in failing to act upon the warnings that the machines were not properly calibrated.

> "Defendants have denied that they were negligent. This case will not involve the claim of injury to any party nor are you to make any assumptions whatsoever as to whether or not the 14 percent increased radiation caused damages or injuries to any party. Those issues are not before you and there will be no evidence, argument or inferences of any kind about any alleged damages or injuries to any party."

The jury found that defendants were not negligent. The court entered a final judgment in their favor, pursuant to ORCP 67B. Plaintiffs appeal and advance six assignments of error. The question raised by the first two is whether the court erred by allowing hospital to participate as a defendant in the trial and by apprising the jury that it was a party, when only defendants' negligence was at issue.[1] Plaintiffs contend that

---

[1] Plaintiffs' assignment also asserts that the court erred by allowing Comerford's participation. However, he did not participate.

that issue had nothing to do with hospital, that hospital therefore had no right to participate and that plaintiffs were prejudiced by its participation, "because a local Bend jury would then be asked to bring in a verdict that would affect their local hospital." Hospital responds that it was a defendant in the action, named by plaintiffs, that it would be bound by the result of the segregated trial and that it had either an outright right to participate or that the trial court had discretion to allow it to participate.

Plaintiffs answer:

"They were and are parties in the underlying action but not in the segregated action. * * *

"Defendant Northwest in their brief at pages 1 and 2 point out the outcome of this case on the issue of the negligence of the physicists would be binding on all the parties, but that a finding of such negligence still required the cases to proceed against the physicists on damages and against the Hospital on 'agency/vicarious liability.' Northwest proceeds to argue that 'Plaintiffs contended that the physicists were agents of the hospital and findings of negligence against the physicists would be binding on the Hospital.' However, this assertion does not make the Hospital a party. There was no way a verdict or judgment of any kind could be entered against St. Charles Hospital in this case."

We do not agree with plaintiffs that there is a distinction between the "underlying action" and the "segregated action." The latter was a part of the former, and the hospital was a defendant. Its interests were very much involved in the segregated proceeding: A fact critical to its potential liability was to be decided in the proceeding. There is simply no doubt that the hospital had the right to participate in the litigation of defendants' alleged negligence, and that right could not be defeated by segregating that issue for trial. *See* ORCP 53B; *see also Bremner v. Charles,* 104 Or App 75, 799 P2d 188 (1990). The trial court did not err in the ways asserted by plaintiffs' first two assignments.

■    In their third and fifth assignments, plaintiffs take issue with the exclusion of the offered testimony of two witnesses, whose jobs are unrelated to defendants' but who also require information about barometric pressure and make the computations to correct it for elevation. The witnesses would

have testified about the methods that they use to perform those tasks.

Respondents argue that evidence about the methods of obtaining and correcting barometric pressure readings had been presented to the jury through other witnesses. Moreover, according to respondents, it was undisputed that the readings can and should be corrected for elevation when necessary, that defendants were fully aware of that fact and that they knew how to make the corrections. However, respondents contend, the testimony of the two witnesses was not relevant to the disputed factual issue in the case—whether defendants "were negligent because they did not know or learn that the elevation of the hospital * * * was not near sea level" or that the data they received was based on the barometric pressure at sea level. In other words, the testimony was cumulative on the uncontested proposition that corrections for elevation can and should be made when indicated and had no probative significance on the contested question of whether defendants were negligent in not knowing or discovering that such a correction *was* indicated in these circumstances. We agree with respondents that the evidence was cumulative and was of marginal, if any, relevance. Its exclusion was not error.[2]

■ Plaintiffs argue in their fourth assignment that the court erred in excluding the testimony of Dr. Griffin, a radiation oncologist whose testimony, as plaintiffs summarize it, would have been "that radiation oncologist[s] rely on medical physicists to deliver the prescribed dose" and that "small differences in dose can make a big difference in tumor control or complications." Griffin's testimony on those points would have duplicated that of two other experts who had testified for plaintiffs. It was cumulative. It also had a potential for prejudice and confusion, insofar as it related to possible complications from miscalibrations, when the questions of "damages or injuries to any party" were *not* before the jury. The trial court acted within the bounds of its discretion in excluding the testimony.

Plaintiffs' remaining assignment states that the

---

[2] Plaintiffs argue at some length that the court excluded the evidence, in part, because the witnesses were not qualified as experts on the standard of care for medical physicists. We do not agree that that was the basis for the ruling.

court erred by not admitting certain hospital telephone records. However, that was not what the trial court ruled; rather, it denied plaintiffs' request to reopen their case, after all parties had rested, to present new evidence. There was no abuse of discretion.

Affirmed.