NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MKB CONSTRUCTORS, a Washington joint venture, | No.   15-35291 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-00611-JLR |
| v. | MEMORANDUM* |
| AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted August 31, 2017
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and FOOTE,** District Judge.

A jury awarded MKB Constructors ("MKB") $1,083,424.24 in

compensatory damages for breach of contract, $274,482.47 in compensatory

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

damages under Washington's Insurance Fair Conduct Act ("IFCA"), and $862,000 in enhanced damages under the IFCA. American Zurich Insurance Company ("Zurich") renewed its prior motion for judgment as a matter of law and moved for a new trial, contending that there was insufficient evidence to support the jury's verdict. The district court denied both motions, and this appeal followed.

In relevant part, the facts are as follows: MKB had contracted with the Lower Yukon School District ("LYSD"), to complete the first phase of a construction project. Under the contract MKB had to prepare a large gravel pad, upon which additional buildings would eventually be erected. This involved shipping by barge large quantities of gravel from sites in Alaska. MKB also had a builder's risk policy with Zurich that covered damage due to earth movement, including settlement of the soil. At trial, MKB claimed, and the jury agreed, that it was required to bear extra costs because settlement of the soil below the pad required it to barge in extra gravel over and above what was required under the terms of the contract. Zurich denies that soil settlement was responsible for these costs.

We review the denial of a judgment as a matter of law *de novo*. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016). In assessing a renewed motion for judgment as a matter of law a court asks whether the evidence, "construed in the light most favorable to the non-moving party, permits only one

2

reasonable conclusion, and that conclusion is contrary to the jury's verdict."
*Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). Here, the jury was presented with sufficient evidence for it reasonably to conclude that unforeseen soil settlement caused MKB's additional costs. At trial the jury was presented with several different estimates of the amount of gravel that would have been required in the absence of excessive settlement. Some of those estimates supported MKB's position that the total amount of gravel brought in exceeded what should have been required under the terms of the contract. The jury could have reasonably believed those estimates and found that MKB bore extra costs because of settlement.

The district court also denied judgment as a matter of law with regard to some incidental expenses included in the jury award. Because there was no objection to these incidental expenses in the initial motion for judgment as a matter of law under Rule 50(a), we could review these claims for plain error. *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). However, we see no error whatsoever, let alone plain error. In these instances too, the jury could have reasonably concluded that the costs arose because of unforeseen soil settlement or were otherwise covered under the policy. The costs for maintenance, depreciation and payment of bank loans associated with leaving heavy equipment at the work site during the winter season, could have been reasonably construed as covered overhead costs. The increased costs associated with barging additional gravel from

Nome instead of from St. Mary's, could have reasonably been construed as arising from the settlement. Similarly the additional survey costs were reasonably awarded because those costs were incurred when MKB began to expect that excess settlement was occurring. The markup and overhead costs could have been reasonably awarded as covered overhead. Finally, the jury could have reasonably accepted MKB's testimony that it would not have pursued arbitration against LYSD had Zurich not refused to pay out on the builder's risk contract. Hence, the jury was reasonable in awarding the $274,482.47 in arbitration costs as compensatory damages under the IFCA.

American Zurich next challenges the district court's refusal to adopt its proposed special verdict form. We reject this contention. A district court has broad discretion to decide whether to have the jury return a special or a general verdict. *Floyd v. Laws*, 929 F. 2d 1390, 1395 (9th Cir. 1991) (stating that district court has "complete discretion" on such matters.). Here, the proposed special verdict form spanned 11 pages, included 30 questions with differing answer formats and that form easily could have misled the jury. The district court did not abuse its discretion by rejecting this proposed form.

Next, American Zurich claims that the IFCA damages awarded were grossly excessive and violated its due process rights. This argument fails for two reasons. First, the IFCA provides clear notice to insurers that they are subject to treble

damages if they unreasonably deny a claim. RCW 48.30.015(2). Second, the enhanced damages were less than the actual damages. American Zurich has pointed to no authority overturning an award of punitive or enhanced damages under such conditions, and has provided no valid reason to think that such an award is so grossly excessive as to be unconstitutional under the standards established by the Supreme Court in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003).

American Zurich also asks this court to revisit the district court's denial of its motion for summary judgment. We cannot properly do so. Once a claim is presented to the jury, the trial record replaces the summary judgment record, and an appellate court ordinarily lacks jurisdiction to review the denial of summary judgment. *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011). While there is an exception for "purely legal" questions, the question at issue here—the sufficiency of the evidence—does not fall under that exception. *Id.* at 188-89.

Finally, American Zurich contends that the district court erred by sending the question of enhanced damages to the jury, rather than having the court assess those damages as provided by RCW 48.30.015(2). The Supreme Court has held that "when Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional

5

justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law." *Curtis v. Loether*, 415 U.S. 189, 195 (1974). The *Loether* court went on to explain that "actual and punitive damages" are "the traditional form of relief offered in the courts of law" as opposed to courts of equity or admiralty. *Id.* at 196. The type of suit at issue here—effectively a tort action for damages caused by an unreasonable breach of an insurance contract—is squarely a case at law, rather than in equity or admiralty. The district court correctly held that the Seventh Amendment required submitting the question of enhanced damages to the jury.

**AFFIRMED.**